■ SIMPSON GRAY, Appellant, v CITY OF NEW YORK et al., Respondents. [872 NYS2d 7]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered April 7, 2008, which, to the extent appealed from as limited by plaintiff's brief, denied his motion to compel defendants to answer his interrogatories, denied his motion for summary judgment on his breach of contract claim, and granted defendants' cross motion for leave to amend their answer and dismiss the complaint, unanimously affirmed, without costs.

Even assuming defendants' cross motion was untimely,

plaintiff was not prejudiced by the minimal delay. The court was within its discretion in considering the cross motion, especially where plaintiff did not request additional time to respond (*Guzetti v City of New York*, 32 AD3d 234 [2006]).

Plaintiff's failure to include his notice of claim in his bankruptcy petition deprived him of the legal capacity to sue herein (*Whelan v Longo*, 7 NY3d 821 [2006]), even if the omission was innocent (*see Dynamics Corp. of Am. v Marine Midland Bank-N.Y.*, 69 NY2d 191 [1987]). In that regard, it makes no difference that plaintiff filed for bankruptcy under chapter 13 rather than chapter 7 (*see Cable v Ivy Tech State Coll.*, 200 F3d 467, 472 [7th Cir 1999], citing Fed Rules Bankr Pro rule 6009).

Because we affirm the dismissal of the complaint, we do not reach plaintiff's argument that the court should have granted his motions for partial summary judgment and to compel discovery.

We have considered plaintiff's remaining argument and find it unavailing. Concur—Mazzarelli, J.P., Saxe, Friedman, Acosta and DeGrasse, JJ. [*See* 19 Misc 3d 1117(A), 2008 NY Slip Op 50758(U).]