■ DEBRA HUTCHINSON, Respondent, v CHANA WELLER, DDS, PLLC, et al., Appellants. [940 NYS2d 248]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered October 3, 2011, which, to the extent appealed from as limited by the briefs, denied defendants' motions to dismiss

the complaint based on lack of capacity to sue, unanimously affirmed, without costs.

"It is well settled that the failure to schedule a legal claim as an asset in a bankruptcy proceeding deprives the debtor of standing to raise it in a subsequent legal action" (*Barranco v Cabrini Med. Ctr.*, 50 AD3d 281, 281-282 [2008]; *see Gazes v Bennett*, 38 AD3d 287 [2007]). Neither ignorance of the law nor inadvertent mistake excuses a plaintiff's failure to list such a claim as a potential asset in the bankruptcy petition (*see Dynamics Corp. of Am. v Marine Midland Bank-N.Y.*, 69 NY2d 191, 196-197 [1987]; *Gray v City of New York*, 58 AD3d 448, 449 [2009], *lv dismissed in part and denied in part* 12 NY3d 802 [2009]).

However, on this record, it is unclear whether plaintiff knew or should have known of the facts allegedly giving rise to her dental malpractice claim (*cf. Whelan v Longo*, 7 NY3d 821 [2006]). It was not until plaintiff began treating with an endodontist on March 30, 2005, after the date of her discharge in bankruptcy, that she discovered the presence of a "metal file" or "pin" in her canal or gum. Although plaintiff testified that she did not list her dental malpractice claim as a contingent claim on her bankruptcy petition because she "didn't know [she] had to," it is unclear at this juncture whether her response was due to a lack of awareness of the law or of the facts underlying her claim. Concur—Mazzarelli, J.P., Friedman, Richter and Abdus-Salaam, JJ.