■ ROBERT CANCELLARO, as Guardian ad Litem of DESTANY CANCELLARO and Another, Respondent, v JOHN R. SHULTS III, Appellant, et al., Defendants. [890 NYS2d 677]—

---

Garry, J.

Plaintiff is the guardian ad litem for two children who were seriously injured in a December 2004 collision between a vehicle driven by their mother, defendant Angelina Velez, in which they were passengers, and a vehicle driven by defendant John R. Shults III (hereinafter defendant). The accident occurred near a 90-degree bend on Hurley Avenue, a two-lane road in the City of Kingston, Ulster County, with a posted speed limit of 30 miles per hour (hereinafter mph). The weather was cold and clear with no precipitation, but there was ice and slush on the roadway from a previous storm. Defendant was traveling toward the curve at a speed he estimated at 25 to 30 mph when he first saw the Velez vehicle approaching him around the curve. The car allegedly caught his attention because of its excessive speed, which he estimated at 45 mph. Defendant testified that the vehicle appeared to be under control, but was moving so fast that it was "tipping" as it negotiated the curve. He took no action upon first observing the vehicle because he did not believe it was a threat to him. However, the vehicle then crossed the center line into defendant's lane of travel and spun so that its passenger side collided with the front of defendant's vehicle. By defendant's testimony, "two seconds" or "a little bit more" passed between his initial sighting of the vehicle and the collision. He "slammed" the brakes and felt them engage and begin to slow the vehicle, but his car did not come to a complete stop before the collision. He stated that there was no time to turn it to either side. Nonparty witnesses in a vehicle behind defendant's confirmed that he had tried to stop prior to the collision. Velez has no independent recollection of the accident.

Plaintiff commenced this action against defendant, Velez, and defendant City of Kingston. Both defendant and the City moved for summary judgment dismissing the complaint. Supreme

Court granted the City's motion and denied defendant's motion. Defendant now appeals.

Under the emergency doctrine, a driver who confronts "a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration" may be relieved of liability if the actions taken in response are "reasonable and prudent in the emergency context" (*Caristo v Sanzone*, 96 NY2d 172, 174 [2001] [internal quotation marks and citation omitted]). Whether a driver's actions in an emergency situation were reasonable is ordinarily a question of fact, but summary judgment may be granted "when the driver presents sufficient evidence to establish the reasonableness of his or her actions and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact on the issue" (*Burnell v Huneau*, 1 AD3d 758, 760 [2003] [internal quotation marks and citations omitted]). The emergency doctrine has repeatedly been held to be applicable in circumstances involving cross-over collisions (*see e.g. Dearden v Tompkins County*, 6 AD3d 783, 784 [2004]; *Burnell v Huneau*, 1 AD3d at 760; *Lamey v County of Cortland*, 285 AD2d 885, 886 [2001]).

To establish that his actions were reasonable, defendant presented his testimony and plaintiff's testimony, the nonparty witness accounts, and the report of a licensed professional engineer who opined that defendant did not have enough time after Velez entered his lane to begin and complete any evasive maneuver. The expert's opinion was based on two site visits—one of them accompanied by defendant—photographs of the accident scene, police records that included a collision reconstruction report, and professional guidelines pertaining to road geometry and reaction times. Supreme Court found that the report lacked foundational support because it did not provide the physical landmarks on which the expert's measurements and calculations were based. The court further noted that there was no record evidence of the location of the collision* and found that the collision reconstruction report lacked a factual basis. Noting that defendant qualified his estimate that "two seconds" or "a little bit more" passed between his first sight of the Velez vehicle and the collision by saying "I don't know," the court found that he had failed to establish his prima facie entitlement to summary judgment.

We disagree. In a cross-over collision case, a defendant may

---

* Police records indicate that wintry road conditions and the presence of emergency personnel prevented investigators from finding evidence on the roadway of the point where the collision occurred. In addition, defendant's vehicle was moved before police arrived.

meet the burden of establishing entitlement to summary judgment under the emergency doctrine even when "[t]he only evidence in the record concerning [the] defendant's conduct" is the defendant's own testimony (*Cohen v Masten*, 203 AD2d 774, 775 [1994], *lv denied* 84 NY2d 809 [1994]). Defendant's estimate of the time that passed after his first sight of the Velez vehicle is not dispositive, because he was not required to anticipate that the car would cross into his lane (*see Burnell v Huneau*, 1 AD3d at 761; *Lamey v County of Cortland*, 285 AD2d at 886). According to defendant, when the vehicle entered his lane, it "began to spin almost instantly as soon as she aimed—not aimed but started to come at me. It was quick. I mean absolutely a split second from when I noticed her coming at me to when the spin started and she came 90 degrees and then just came right up into me." In response, he braked and braced himself. By this uncontradicted testimony, defendant established on a prima facie basis that he "was confronted with an emergency and was not negligent in regard to the emergency," thereby shifting the burden to plaintiff to establish the existence of issues of fact (*Cohen v Masten*, 203 AD2d at 776; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Notably, nothing in the police reports, the witness accounts, or the other evidence is inconsistent with defendant's account (*contrast Aloi v County of Tompkins*, 52 AD3d 1092, 1094 [2008]; *Quinones v Community Action Commn. to Help the Economy, Inc.*, 46 AD3d 1326, 1326-1327 [2007]). Plaintiff argues that defendant should have swerved or braked harder, but nothing in the record indicates that he could have done so or that such evasive maneuvers would have prevented the accident (*see Cohen v Masten*, 203 AD2d at 775-776). "Speculation regarding evasive action that a defendant driver should have taken to avoid a collision, especially when the driver had, at most, a few seconds to react, does not raise a triable issue of fact" (*Dearden v Tompkins County*, 6 AD3d at 785 [citations omitted]; *see Burnell v Huneau*, 1 AD3d at 761; *Lamey v County of Cortland*, 285 AD2d at 887). Likewise, plaintiff's unsupported assertion that defendant's speed was unreasonable in light of the road conditions is insufficient to defeat defendant's motion.

Rose, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant John R. Shults III, by reversing so much thereof as denied said defendant's motion; motion granted, summary judgment awarded to said defendant and complaint dismissed against him; and, as so modified, affirmed.