Stein, J.
Following commencement of this action and joinder of issue, defendants moved for summary judgment dismissing, as pertinent here, the complaint against them[1] on the basis that defendant was faced with an emergency situation not of his making and acted reasonably in view of the circumstances. Finding that defendants failed to meet their threshold burden of demonstrating their entitlement to judgment as a matter of law, Supreme Court denied the motion. Defendants now appeal and we affirm.
Defendants argue that they are entitled to dismissal of the complaint based on the emergency doctrine, which relieves a driver of liability when he or she is confronted with “a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration” (Caristo v Sanzone, 96 NY2d 172, 174 [2001] [internal quotation marks and citation omitted]; accord Hubbard v County of Madison, 93 AD3d 939, 940 [2012], lv denied 19 NY3d 805 [2012]). However, “the [driver] may still be found to be negligent if, notwithstanding the emergency, the acts are found to be unreasonable” (Ferrer v *1285 Harris, 55 NY2d 285, 293 [1982] [internal quotation marks and citation omitted]; see Hubbard v County of Madison, 93 AD3d at 940; Williamson v Ringuett, 85 AD3d 1427, 1428 [2011]). With some limited exceptions, the issue of whether a driver’s actions in an emergency situation are reasonable is ordinarily a question of fact (see Hubbard v County of Madison, 93 AD3d at 940; Cancellaro v Shults, 68 AD3d 1234, 1236 [2009], lv denied 14 NY3d 706 [2010]; Burnell v Huneau, 1 AD3d 758, 760 [2003]).
Here, defendants supported their motion with, among other things, defendant’s deposition testimony and an affidavit of an accident reconstruction expert, George Ruotolo. Defendant testified that he had been traveling at the posted speed limit of 40 miles per hour, but had begun to slow down in anticipation of making a right turn onto Plant Road, when he observed Bolton suddenly maneuver his car to the side of the road, begin exiting his car and wave his arms. In response, defendant moved his vehicle to the left-hand lane of the two northbound lanes in order to give Bolton room. According to defendant, only a few seconds elapsed between the time that Bolton pulled over and when defendant felt the sensation of passing over something. Defendant testified that he did not realize that plaintiff was lying in the road until he pulled his vehicle over to the side and Bolton told him to call 911.
While there does not appear to be any dispute that the circumstances facing defendant constituted an emergency, we nonetheless conclude that defendants failed to demonstrate as a matter of law that defendant’s response to the situation was reasonable. Ruotolo’s conclusion that defendant “did not have the time to stop or swerve” around plaintiff was premised, in part, on his assumption that defendant was traveling at a speed of 45 miles per hour. However, Ruotolo’s affidavit is devoid of any evidence to support such assumption, other than that he apparently believed that to be the speed limit in the area. Inasmuch as the factual basis of Ruotolo’s opinion was without any evidentiary foundation,[2] Supreme Court correctly determined that it had no probative value (see Gray v South Colonie Cent. School Dist., 64 AD3d 1125, 1128 [2009]). Without Ruotolo’s opinion, defendants failed to meet their prima facie burden of demonstrating that defendant acted reasonably in view of the circumstances (compare Cancellaro v Shults, 68 AD3d at 1237; Dearden v Tompkins County, 6 AD3d 783, 785 [2004]). Thus, the burden never shifted to plaintiff to demon *1286 strate the existence of a triable issue of fact, and Supreme Court properly denied defendants’ motion, regardless of the sufficiency of plaintiffs opposing papers (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Edick v General Elec. Co., 98 AD3d 1217, 1218-1219 [2012]). Even if defendants did meet their threshold burden on their motion, when we view the evidence presented by both parties in the light most favorable to plaintiff (see Vega v Restani Constr. Corp., 18 NY3d at 503; Secore v Allen, 27 AD3d 825, 828-829 [2006]), we conclude that plaintiff demonstrated the existence of multiple issues of fact that prevent a determination, as a matter of law, that defendant acted reasonably in the face of the situation with which he was confronted.
To the extent not specifically addressed herein, defendants’ remaining contentions have been considered and found to be without merit.
Mercure, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

. The record in this matter indicates that the action against Bolton has been settled.

. We also note that Ruotolo’s assumption was contrary to defendant’s own testimony regarding both his rate of speed and the posted speed limit and to the investigation and conclusion of plaintiffs expert.