■ Sue Ann Shetsky, Appellant, v Jamie A. Corbett, Respondent. (And a Third-Party Action.) (Action No. 1.) Katherine Onufrychuk, Appellant, v Jamie A. Corbett, Respondent, et al., Defendant. (Action No. 2.) Eugene E. Shetsky, Appel-

lant, v Jamie A. Corbett, Respondent. (Action No. 3.) [967 NYS2d 158]——

Stein, J. Appeals from an order of the Supreme Court (Nichols, J.), entered February 2, 2012 in Columbia County, which, among other things, granted defendant Jamie A. Corbett's motion for summary judgment dismissing the complaints against her.

On January 31, 2009, plaintiffs Sue Ann Shetsky and Katherine Onufrychuk were passengers in a vehicle operated by plaintiff Eugene E. Shetsky (hereinafter Shetsky) that was traveling northbound on Route 170 in the City of Little Falls, Herkimer County. Due to snow drifting onto the road, the Shetsky vehicle began to veer to the left, crossed over the center line and collided head-on with a southbound vehicle operated by defendant Jamie A. Corbett (hereinafter defendant). Each plaintiff subsequently commenced an action against defendant to recover for the injuries each sustained in the accident.[1] After joinder of issue, defendant moved for summary judgment dismissing the complaints against her on the basis that she was faced with an emergency situation not of her making and acted reasonably in view of the circumstances. Supreme Court granted the motion and these appeals by plaintiffs ensued.

We affirm. The emergency doctrine relieves an automobile driver of liability when such driver is faced with an "emergency situation, not of his or her own making, has little or no time to consider an alternative course of conduct and acts reasonably under the circumstances" (*Warley v Grampp*, 103 AD3d 997, 999 [2013] [internal quotation marks and citations omitted]; *see Caristo v Sanzone*, 96 NY2d 172, 174 [2001]; *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 322 [1991]; *Copeland v Bolton*, 101 AD3d 1283, 1284 [2012]; *Hubbard v County of Madison*, 93 AD3d 939, 940 [2012], *lv denied* 19 NY3d 805 [2012]). We have held that an emergency situation may exist when a vehicle crosses over into the opposite lane of traffic (*see Hubbard v County of Madison*, 93 AD3d at 940; *Cancellaro v Shults*, 68 AD3d 1234, 1236 [2009], *lv denied* 14 NY3d 706 [2010]; *Burnell v Huneau*, 1 AD3d 758, 760 [2003]). However, "[t]o be granted summary judgment based on the emergency doctrine, a driver must establish as a matter of law that he or she did not contribute to the creation of the emergency situation, and that his or

---

**1.** Onufrychuk's complaint also sought recovery against Shetsky, and defendant filed a third-party complaint against Shetsky in action No. 1.

her reaction was reasonable under the circumstances such that he or she could not have done anything to avoid the collision" (*Cahoon v Frechette*, 86 AD3d 774, 775 [2011]).

In support of her motion, defendant proffered, among other things, the parties' deposition testimony, as well as the police accident report and Department of Motor Vehicles form, all of which clearly establish that the accident occurred when the Shetsky vehicle crossed over into defendant's lane of traffic. Defendant was familiar with the road, having traveled on it frequently, and explained that, in the area in question, there is a decline that flattens out into a curve in the southbound direction. Defendant testified that the weather was clear and sunny and the roads were dry on the day of the accident. She also noted that there was blowing snow at some locations on the road, but she denied having any visibility problems.

According to defendant, as she drove down the decline toward the curve—where the posted speed limit was 30 miles per hour—she coasted with her foot off the gas pedal and was traveling at a speed of no more than 20 miles per hour. Defendant claimed that, only a few seconds after she first observed the Shetsky vehicle, it crossed over the center line into her lane of traffic. In response, she applied her brakes and tried to move to the right but was unable to avoid the collision. Based on the foregoing, defendant met her threshold burden of establishing that she was faced with an emergency situation not of her own making and acted reasonably in response thereto, thus shifting the burden to plaintiffs to demonstrate the existence of triable issues of fact (*see Hubbard v County of Madison*, 93 AD3d at 941; *Cancellaro v Shults*, 68 AD3d at 1237).

In opposition to the motion, plaintiffs attempted to establish the presence of factual issues as to whether defendant was negligent in causing or contributing to the accident and whether her reaction was reasonable under the circumstances. To that end, plaintiffs proffered, among other things, the affidavit of an accident reconstruction expert. Based upon his review of the police accident report, Department of Motor Vehicles form, photographs of the scene and vehicles involved in the crash, deposition testimony, and his inspection of the site, the expert opined that defendant's negligence was a substantial factor in causing the collision.

Specifically, plaintiffs' expert concluded that a vehicle coasting down Route 170 "in the same manner as [defendant's] vehicle" would be traveling at a speed of more than 30 miles per hour, that it would have been impossible for defendant to have maintained a speed of 20 miles per hour, and that defendant

was "traveling too fast for conditions." However, the expert's conclusion regarding defendant's rate of speed was based upon his assumption that she did not brake at any time as she traveled down the decline in the road. As Supreme Court noted, this assumption was without any evidentiary basis and, indeed, was contradicted by defendant's unrefuted testimony. While she was unable to specifically recall engaging her brakes as she traveled down the hill, defendant testified that she was "sure" she had done so. She also explained that she did not have her foot on the gas for approximately a half mile before the collision and commented that, when a driver on that road would get towards the bottom of the hill, "you definitely have to brake." Further, defendant's testimony that she was traveling approximately 20 miles per hour, combined with Shetsky's testimony that he was traveling 20 miles per hour, is consistent with the conclusion of plaintiffs' expert that the combined speed of the two vehicles at the time of impact was approximately 40 miles per hour.

Thus, even viewing the evidence in a light most favorable to plaintiffs (see *Cahoon v Frechette*, 86 AD3d at 775), we agree with Supreme Court that the only reasonable inference that could be drawn from this testimony was that defendant engaged her brakes while descending Route 170 prior to the collision and, accordingly, that the expert's opinion that she was traveling faster than 20 miles per hour should not be considered. As a result, plaintiffs' speculative claim that defendant was traveling at an excessive rate of speed under the conditions is insufficient to raise a triable question of fact (see *Cancellaro v Shults*, 68 AD3d at 1237; compare *Cahoon v Frechette*, 86 AD3d at 776-777).

The reliance of plaintiffs' expert on the testimony of Shetsky and Onufrychuk (the front seat passenger) that, prior to the collision they observed both of defendant's hands off the steering wheel—to support the expert's conclusion that defendant's actions contributed to the accident—is similarly unpersuasive. While defendant denies that she ever took her hands off the wheel, we reject plaintiffs' claim that this created a material issue of fact. Shetsky testified that, when he saw defendant's hands off the steering wheel, defendant looked "scared, frightened [and] shocked," suggesting that she was responding to the impending collision. Inasmuch as plaintiffs' expert concluded that, by the time defendant saw the Shetsky vehicle entering into her lane of traffic there was an insufficient amount

of time for her to avoid the impact,[2] no reasonable inference can be drawn that defendant's alleged failure to have her hands on the steering wheel deprived her of the ability to take effective evasive action or was otherwise a substantial factor in causing the collision. Accordingly, summary judgment in defendant's favor was warranted (*see Hubbard v County of Madison*, 93 AD3d at 942; *Cancellaro v Shults*, 68 AD3d at 1237).

To the extent not specifically addressed herein, we have examined plaintiffs' remaining contentions and find them to be unavailing.

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

2. According to the expert, the average reaction time for the average driver in the circumstances described by Shetsky and defendant would be "1.748 seconds[, which] comports with [Onufrychuk's] estimate of 'a little more [than a second]' from detection to impact."