Egan Jr., J.
Appeal from an order of the Supreme Court (McNamara, J.), entered November 19, 2012 in Albany County, which, among other things, denied defendants’ motion for summary judgment dismissing the complaint.
At approximately 4:00 p.m. on the afternoon of May 17, 2010, plaintiff was traveling westbound on the shoulder of State Route *1215 20 in the Town of Guilderland, Albany County in his motorized wheelchair. Defendant Stephen Suraci (hereinafter Suraci) also was traveling westbound on Route 20 in a vehicle owned by his father, defendant Anthony Suraci Jr. As plaintiff and Suraci approached Prospect Hill Cemetery, another westbound vehicle— traveling in the passing lane — swerved into Suraci’s lane. Suraci responded by turning his vehicle toward the adjacent shoulder and, in the course of doing so, struck plaintiffs wheelchair.
Plaintiff thereafter commenced this action against defendants seeking to recover for personal injuries allegedly sustained when he was ejected from his wheelchair. Following joinder of issue and discovery, defendants, among other things, moved to amend their answer to assert the affirmative defense of lack of capacity to sue and for summary judgment dismissing the complaint. Supreme Court, insofar as is relevant here, granted defendants’ motion for leave to amend but denied their motion for summary judgment dismissing the complaint. This appeal by defendants ensued.
We affirm. Initially, we reject defendants’ assertion that plaintiff lacks the capacity to sue by virtue of his failure to disclose his personal injury claim in his chapter 13 bankruptcy schedule of assets. “While [cjhapter 7 and [cjhapter 11 debtors lose standing to maintain civil suits — which must be brought and/or maintained by their bankruptcy trustees — it is clear that [cjhapter 13 debtors like plaintiff are not subject to this restriction” (M & T Mtge. Corp. v White, 736 F Supp 2d 538, 554 [ED NY 2010] [internal quotation marks and citations omitted]; see Olick v Parker & Parsley Petroleum Co., 145 F3d 513, 515-516 [2d Cir 1998]; Kenney v National Fuel Gas Distrib. Corp., 8 AD3d 989, 989 [2004]; see also In re Dawnwood Props. 78, 209 F3d 114, 116 [2d Cir 2000]; Matter of Miller [Berti], 1 AD3d 885, 886 [2003]; Giovinco v Goldman, 276 AD2d 469, 469 [2000]; but see Gray v City of New York, 58 AD3d 448, 449 [2009], lv dismissed and denied 12 NY3d 802 [2009]).* Accordingly, Supreme Court properly concluded that plaintiffs omission in this regard was not fatal.
Defendants’ alternative ground for dismissal, which is premised upon an application of the emergency doctrine, is equally unpersuasive. “Under the emergency doctrine, a driver *1216 who confronts a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration may be relieved of liability if the actions taken in response are reasonable and prudent in the emergency context” (Cancellaro v Shults, 68 AD3d 1234, 1236 [2009], lv denied 14 NY3d 706 [2010] [internal quotation marks and citations omitted]; see Shetsky v Corbett, 107 AD3d 1100, 1101 [2013]; Hubbard v County of Madison, 93 AD3d 939, 940 [2012], lv denied 19 NY3d 805 [2012]). The reasonableness of the driver’s conduct, as well as whether he or she could have done something to avoid the accident, typically present questions of fact for a jury to resolve (see Copeland v Bolton, 101 AD3d 1283, 1285 [2012]; Schlanger v Doe, 53 AD3d 827, 828 [2008]; Aloi v County of Tompkins, 52 AD3d 1092, 1094 [2008]; Dumas v Shafer, 4 AD3d 720, 722 [2004]). Thus, in order to be granted summary judgment in this regard, “a driver must establish as a matter of law that he or she did not contribute to the creation of the emergency situation, and that his or her reaction was reasonable under the circumstances such that he or she could not have done anything to avoid the collision” (Cahoon v Frechette, 86 AD3d 774, 775 [2011] ; see Shetsky v Corbett, 107 AD3d at 1101-1102). Defendants failed to meet that burden here.
Suraci’s affidavit, together with his examination before trial testimony and the affidavit of a nonparty witness, established that as Suraci was proceeding west on Route 20 in heavy traffic, another vehicle suddenly came into his lane of travel, prompting him to “hit the brake[s] and move[ ] to the right,” whereupon — “one to two seconds” later — he “clipped” plaintiffs motorized wheelchair. Although such proof indeed establishes that Suraci played no role in the creation of the underlying emergency, viewing the evidence in the light most favorable to plaintiff (see Cahoon v Frechette, 86 AD3d at 775), we find that a question of fact remains as to the reasonableness of Suraci’s response thereto — particularly in view of Suraci’s examination before trial testimony, wherein he stated that he “never saw” plaintiff prior to impact. As Suraci’s concession in this regard raises “a possible factual issue as to whether he was paying reasonable attention” (Schlanger v Doe, 53 AD3d at 829), defendants’ motion for summary judgment dismissing the complaint was properly denied — regardless of the sufficiency of plaintiffs opposing papers.
Lahtinen, J.P., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.

 The rationale for this distinction derives, in part, from the fact that, in a chapter 13 proceeding, “the creditors’ recovery is drawn from the debtor’s earnings, not from the assets of the bankruptcy estate; [hence,] it is only the [c]hapter 13 debtor who stands to gain or lose from efforts to pursue a cause of action that is an asset of the bankruptcy estate” (Olick v Parker & Parsley Petroleum Co., 145 F3d at 516).