■ James H. Lambert et al., Respondents, v Timothy Grennon, Appellant. [984 NYS2d 219]—

Garry, J. Appeal from an order of the Supreme Court (Crowell, J.), entered May 15, 2013 in Saratoga County, which, among other things, granted plaintiffs' motion for partial summary judgment on the issue of liability.

In June 2010, plaintiff James H. Lambert (hereinafter plaintiff) was traveling eastbound on a motorcycle on a two-lane road in the Town of Ballston, Saratoga County. He stopped at a traffic light behind five or six other vehicles. Defendant, who was operating an extended cab pickup truck and pulling a 14-foot trailer, was stopped a short distance ahead of plaintiff in the driveway of a convenience store parking lot, waiting for an opportunity to enter the eastbound lane in which plaintiff was traveling. When the light turned green, plaintiff began to accelerate, and the vehicle in front of him turned into the parking lot. Defendant saw this turning vehicle and began to pull out into plaintiff's lane. Defendant admittedly did not see plaintiff. To avoid the imminent collision, plaintiff braked and laid his motorcycle down. Although he successfully avoided contacting defendant's truck or trailer, he was injured when his motorcycle and body skidded across the pavement.

Plaintiff and his wife, derivatively, thereafter commenced this negligence action against defendant. Following discovery, plaintiffs moved for partial summary judgment on the issue of liability, on the ground that the accident was caused by defendant's failure to yield the right-of-way. Defendant opposed the motion and cross-moved for summary judgment dismissing the complaint, on the grounds that plaintiff had intentionally crashed his motorcycle as a result of his "egregiously incorrect perception" of defendant's vehicle "cautiously entering his lane of travel," that plaintiff never contacted defendant's truck or trailer, that plaintiff's injuries were caused by his contact with the roadway, and that plaintiff was not confronted with an emergency situation, but could have avoided colliding with defendant's vehicle by merely braking or changing lanes. Supreme Court granted plaintiffs' motion for partial summary judgment on the issue of liability and denied defendant's cross motion. Defendant appeals, and we affirm.

It is entirely undisputed that plaintiff had the right-of-way, and that defendant entered plaintiff's lane of travel without

ever seeing him—indeed, he first saw plaintiff lying in the roadway after hearing the screech of the motorcycle on the pavement. Further, it is well established that, as the driver with the right-of-way, plaintiff was entitled to assume that defendant would obey the traffic laws requiring him to yield (*see Ducie v Ippolito*, 95 AD3d 1067, 1067 [2012]; *Le Claire v Pratt*, 270 AD2d 612, 613 [2000]).

Plaintiff's reconstruction expert opined that plaintiff's motorcycle and defendant's truck were approximately 40 feet apart at the time that defendant began entering plaintiff's lane of travel. Estimating that plaintiff was traveling at 15 miles per hour, and accounting for the time that it would have taken plaintiff to observe that defendant was moving into his lane, the expert opined that plaintiff had .77 seconds to react. Plaintiff testified that he believed he did not have enough time to stop his motorcycle before colliding with defendant's truck and/or trailer and that he could not steer around defendant without crossing into the opposite lane of oncoming traffic. Given the limited time he had to respond, plaintiff believed that the safest course of action was to lay his motorcycle down on the pavement. Defendant's accident reconstruction expert did not dispute that plaintiff had less than two seconds to perceive and react to the danger. However, he opined that plaintiff still had enough time to stop the motorcycle by applying the brakes, and did not have to deliberately crash it to avoid a collision. Alternatively, the expert opined that plaintiff could have taken other evasive maneuvers, including steering around defendant's vehicle.

As plaintiff had only seconds to react, we do not find defendant's arguments persuasive. A driver with the right-of-way who is faced with such circumstances is not deemed to be comparatively negligent for failing to take a particular evasive action (*see Ducie v Ippolito*, 95 AD3d at 1067). The essence of defendant's argument is that plaintiff made an error in judgment in responding to the emergency situation caused by defendant; any such errors are insufficient to defeat plaintiffs' motion for summary judgment (*see Cancellaro v Shults*, 68 AD3d 1234, 1236 [2009], *lv denied* 14 NY3d 706 [2010]; *Burnell v Huneau*, 1 AD3d 758, 761 [2003]; *Dearden v Tompkins County*, 6 AD3d 783, 785 [2004]). Accordingly, Supreme Court properly granted plaintiffs' motion for partial summary judgment on the issue of liability and denied defendant's cross motion.

Defendant's remaining contentions have been examined and found to be lacking in merit.

Lahtinen, J.P., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.