*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 24, 2014                516993
_____

DOLORES FOSTER,

                    Appellant,

        v

BARBARA ANN KELLY et al.,

                    Respondents,
                    et al.,
                    Defendant.

(Action No. 1.)
_____          MEMORANDUM AND ORDER

DAVID FOSTER,

                    Appellant,

        v

BARBARA ANN KELLY et al.,

                    Respondents,
                    et al.,
                    Defendants.

(Action No. 2.)
_____


Calendar Date:  May 28, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Devine, JJ.

                    _____


        Finkelstein & Partners, LLP, Newburgh (James W.
Shuttleworth III of counsel), for Dolores Foster, appellant.

        Sobo & Sobo, LLP, Middletown (Brett Peter Linn of counsel),
for David Foster, appellant.

Law Office of Thomas K. Moore, White Plains (Norah M. Murphy of Law Office of Theresa J. Puleo, Albany, of counsel), for respondents.

_____

Devine, J.

Appeals from an order of the Supreme Court (Melkonian, J.), entered January 16, 2013 in Sullivan County, which granted a motion by defendants Barbara Ann Kelly and Karen Barone for, among other things, summary judgment dismissing the complaints against them.

In February 2006, the parties were involved in a three-vehicle accident on State Route 17 in the Town of Thompson, Sullivan County.  Decedent's vehicle exited the eastbound lane of the road, crossed over the grassy center median and struck the rear of the driver's side of a car — travelling westbound — driven by defendant Barbara Ann Kelly and owned by defendant Karen Barone (hereinafter collectively referred to as defendants).  After striking defendants' car, decedent's vehicle collided with plaintiffs' vehicle, which was also travelling westbound.  Each plaintiff commenced a separate negligence action in 2007 against the administrator of decedent's estate and defendants, and the actions were subsequently joined — but not consolidated — for the completion of discovery and trial.  In December 2008, Supreme Court (Ledina, J.), denied defendants' initial motion for summary judgment.  Following the completion of further discovery, defendants made a second motion for summary judgment dismissing the complaints against them in July 2012 and Supreme Court (Melkonian, J.) granted the motion in its entirety.  Plaintiffs now appeal.

At the outset, we address plaintiff David Foster's challenge to the propriety of Supreme Court's consideration of defendants' second motion for summary judgment.  Although successive summary judgment motions are generally discouraged absent "'a showing of newly discovered evidence or other sufficient cause'" (Matter of Bronsky-Graff Orthodontics, P.C., 37 AD3d 946, 947 [2007], quoting La Freniere v Capital Dist.

Transp. Auth., 105 AD2d 517, 518 [1984]; accord Keating v Town of Burke, 105 AD3d 1127, 1128 [2013]), where, as here, evidence produced from additional discovery places the motion court "in a far better position to determine" a legally dispositive issue, the court should not be precluded from exercising its discretion to consider the merits of a subsequent motion (Kobre v United Jewish Appeal-Fedn. of Jewish Philanthropies of N.Y., Inc., 32 AD3d 218, 221 [2006], lv denied 7 NY3d 715 [2006]; see Giardina v Lippes, 77 AD3d 1290, 1291 [2010], lv denied 16 NY3d 702 [2011]; Wenger v Goodell, 288 AD2d 815, 816 [2001], lv denied 98 NY2d 605 [2002]).

On the merits, we affirm. It is well settled that the emergency doctrine serves to relieve a defendant of liability "if he or she was faced with an emergency situation not of his or her own making and responded in a manner that was 'reasonable and prudent in the emergency context'" (Cahoon v Frechette, 86 AD3d 774, 775 [2011], quoting Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]). Generally, a driver is not expected to anticipate that a vehicle traveling in the opposite direction will leave its lane of travel and cross into oncoming traffic (see Hubbard v County of Madison, 93 AD3d 939, 940 [2012], lv denied 19 NY3d 805 [2012]; Cancellaro v Shults, 68 AD3d 1234, 1237 [2009], lv denied 14 NY3d 706 [2010]). In a cross-over vehicle accident case, summary judgment is properly granted where a defendant can demonstrate that he or she "'did not contribute to the creation of the emergency situation, and that his or her reaction was reasonable under the circumstances such that he or she could not have done anything to avoid the collision'" (Collins v Suraci, 110 AD3d 1214, 1216 [2013], quoting Cahoon v Frechette, 86 AD3d at 775).

During her examination before trial, Kelly testified that, shortly after she entered the westbound highway, the speed limit increased from 55 miles per hour to 65 miles per hour and she drove within the posted speed limit at all times. Kelly recalled that the weather on the date of the accident was clear and the roadway was dry. Kelly averred that, some time after moving from the right lane to the left lane in order to pass plaintiffs' vehicle, she saw decedent's car, which she described as a "flash of red" on the left side of her vehicle and had "[l]ess than a

second" to react or take any evasive measures. The impact of the crash propelled Kelly's vehicle into a guardrail located on the right side of the road.[1] Similarly, plaintiff Dolores Foster, who was driving plaintiffs' vehicle, described decedent's vehicle as a "red ball coming at me" at a high rate of speed and that it appeared to be airborne. David Foster, a passenger in plaintiffs' car, averred that he observed Kelly's vehicle passing plaintiffs' car in the left lane shortly before plaintiffs' collision with decedent. Prior to being struck by decedent, none of the parties heard sounds of screeching brakes or car horns to warn of an imminent collision. Inasmuch as the evidence demonstrated that Kelly was confronted with an emergency situation and responded in a reasonable manner, defendants established their entitlement to judgment as a matter of law, thereby shifting the burden to plaintiffs to tender evidence showing that a genuine issue of fact exists precluding summary judgment in defendants' favor (see Hubbard v County of Madison, 93 AD3d at 941; Cohen v Masten, 203 AD2d 774, 776 [1994], lv denied 84 NY2d 809 [1994]).

Dolores Foster's expert, engineer George P. Widas, and the police accident reconstruction report confirmed that the speed limit at the accident site was 65 miles per hour. Widas' assessment of the police accident report, the parties' deposition testimony and photographs of the accident scene, among other things, led him to conclude that Kelly had approximately 2.36 seconds to perceive decedent's car and react by "either braking or by turning," and that her failure to avoid a collision was "a substantial part in the happening of this accident and collision with [plaintiffs'] vehicle." Such a speculative and conclusory assertion with regard to Kelly's allegedly negligent response, however, "does not raise a triable issue of fact" (Dearden v Tompkins County, 6 AD3d 783, 785 [2004]; see Burnell v Huneau, 1 AD3d 758, 761 [2003]), and we reject Dolores Foster's contention that defendants must be found to be comparatively negligent due to Kelly's purportedly deficient response to the collision at issue (see Lambert v Grennon, 116 AD3d 1213, 1214 [2014]; Ducie v

_____

[1] It is uncontroverted that defendants' vehicle did not come into contact with plaintiffs' vehicle.

Ippolito, 95 AD3d 1067, 1068 [2012]). Moreover, although Dolores Foster testified that the speed limit at the site of the accident was 55 miles per hour and that Kelly appeared to be speeding, in the absence of evidence specifically demonstrating that Kelly would have been able to avoid the collision with decedent's vehicle if she had been driving at that rate of speed, summary judgment was properly granted in favor of defendants (see Shetsky v Corbett, 107 AD3d 1100, 1103 [2013]; Lamey v County of Cortland, 285 AD2d 885, 887 [2001]).

Nor do we find that David Foster's testimony that Kelly's vehicle appeared to be "fading in" toward plaintiffs' vehicle and had come within "eight inches, maybe a foot" of their car as she was passing in the left lane prior to the accident, even when viewed in a light most favorable to plaintiffs, is sufficient to raise a material question of fact requiring a trial (see Cancellaro v Shults, 68 AD3d at 1236). David Foster's remaining contentions have been considered and found to be unavailing.

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court