Whitney Lane Holdings, LLC v Don Realty, LLC (2018 NY Slip Op 01519)





Whitney Lane Holdings, LLC v Don Realty, LLC


2018 NY Slip Op 01519


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

524799

[*1]WHITNEY LANE HOLDINGS, LLC, Appellant,
v
DON REALTY, LLC, et al., Respondents, et al., Defendant.

Calendar Date: January 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


Kim I. McHale & Associates, PC, New York City (Michael J. Hutter of Powers & Santola, LLP, Albany, of counsel), for appellant.
E. Stewart Jones Hacker Murphy, LLP, Troy (David I. Iversen of counsel), for respondents.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Crowell, J.), entered December 19, 2016 in Saratoga County, which granted a motion by defendants Don Realty, LLC and Matthew J. Sgambettera for summary judgment dismissing the complaint against them.
In November 2004, plaintiff acquired commercial property in the Town of Clifton Park, Saratoga County from Donovan Littlefield and Arianna Littlefield (hereinafter collectively referred to as the Littlefields) and defendant Don Realty, LLC; as the Littlefields were minors at the time, they acted through
their ostensible guardian, defendant Matthew Sgambettera [FN1]. In August 2004, the parties entered [*2]into an agreement and addendum by which plaintiff agreed to purchase the property for $4.55 million. Pertinent here, in paragraph 1.7 of the addendum, Don Realty represented that there was no known or expected governmental investigation or litigation pertaining to the property. Paragraph 1.3 specified that all representations and warranties "in this Agreement will survive the [c]losing for a period of one year." The record indicates that, in October 2004, a representative of the Town informed Don Littlefield that the Town planned to acquire a portion of the property frontage to begin the reconstruction of Vischer's Ferry Road. Don Realty and the Littlefields did not share this information with plaintiff and the transaction closed in November 2004, with plaintiff acquiring a warranty deed in exchange for a cash payment of about $1 million and a $3.55 million promissory note. The Town notified plaintiff of the proposed taking in January 2005 and acquired title in August 2005. In November 2006, plaintiff commenced this action against, among others, Don Realty and Sgambettera (hereinafter collectively referred to as defendants) based on the failure of Don Realty and the Littlefields to disclose the impending Town taking prior to the closing. In its complaint, plaintiff averred that, "[a]s a result of the deliberate, willful and material misrepresentation of the sellers," plaintiff sustained damages. We take note that plaintiff did not characterize this claim as one for breach of contract nor as one for fraud.
By decision and order dated February 5, 2007, Supreme Court (Ferradino, J.) denied plaintiff's application to stay enforcement on the mortgage. In doing so, the court characterized plaintiff's claim as "alleging a breach of contract premised upon [the] failure [of Don Realty and the Littlefields] to apprise plaintiff of the Town['s] intent to commence an eminent domain proceeding." Thereafter, in July 2007, the court granted defendants' motion for summary judgment essentially finding that plaintiff failed to establish a claim for fraud. In January 2008, upon reargument, Supreme Court rescinded its earlier ruling and denied defendants' motion for summary judgment, finding, in part, that "[w]hether or not the defendants had superior knowledge about the property that they used to their advantage in reliance or in contravention of the contract is a question to be resolved by a jury."
Eight years later, in May 2016, defendants again moved for summary judgment, characterizing plaintiff's claim as one for fraud that could not stand because there was no duty independent of the contract requiring disclosure on their part. In other words, defendants reasoned that plaintiff's claim was actually one for breach of contract that was time-barred under paragraph 1.3 of the addendum. That said, defendants also asserted that the fraud claim failed because the property had appreciated in value such that plaintiff had sustained no damages. Supreme Court (Crowell, J.) granted defendants' motion finding that the only remaining cause of action was for fraud and determined that the new evidence as to the appreciated value of the property demonstrated that plaintiff could not prove actual pecuniary loss. Plaintiff now appeals and we reverse.
To begin, we take no issue with Supreme Court considering a successive motion for summary judgment, eight years after the initial motion, as new information as to the value of the property was presented, arguably pertinent to plaintiff's damage claim (see Foster v Kelly, 119 AD3d 1250, 1251 [2014]). The actual quandary presented on this appeal is the variable characterization of plaintiff's claim by both the parties and the court as either one for breach of contract or one for fraud. Particularly perplexing is plaintiff's failure to expressly challenge defendants' characterization of the claim as one for fraud on the instant motion. Nor did plaintiff attempt to refute defendants' contention that no legal duty to disclose exists separate and apart [*3]from the contract that would validate a fraud claim (see Gizzi v Hall, 300 AD2d 879, 880 [2002]).
The crux of this matter is that the parties recognize that plaintiff's claim sounds in contract, i.e., that Don Realty and the Littlefields were required under the contract to disclose the information about the Town's proposed taking prior to the closing and failed to do so. However inartful the pleading, we agree that the claim is actually one for breach of contract. Notwithstanding plaintiff's failure to make this argument before Supreme Court, no new facts have been raised and the legal argument could not have been avoided if presented to Supreme Court. As such, we can address the issue (see Sega v State of New York, 60 NY2d 183, 190 n 2 [1983]; Larson v Albany Med. Ctr., 252 AD2d 936, 939 [1998]).
We further reject defendants' contention that the survival provision in paragraph 1.3 of the addendum limited the time to commence a breach of contract action to one year. Parties to a contract may agree in writing to shorten the period of time in which to commence an action provided the intent to do so is expressed in clear terms and the time period is reasonable (see CPLR 201; John J. Kassner & Co. v City of New York, 46 NY2d 544, 550-551 [1979]). Notwithstanding plaintiff's own apparent confusion at points during the history of this litigation, we read paragraph 1.3 as avoiding a merger of the contract representations into the deed (see Arnold v Wilkins, 61 AD3d 1236, 1236-1237 [2009]), not as a shortening of the six-year statute of limitations that governs a contract claim (see CPLR 201, 213 [2]). There is simply no express language in paragraph 1.3 limiting plaintiff's time to commence an action. Defendants' further contention that plaintiff's claim is barred under the doctrine of caveat emptor is unavailing, for the duty to disclose arises out of the contract, not the underlying transaction.
Finally, as to damages, the complaint seeks damages for the asserted breach of contract due in part to the disruption caused by the Town's renovation project. In a breach of contract action, a plaintiff "may recover general damages which are the natural and probable consequences of the breach," as well as "consequential damages, which do not directly flow from the breach" (Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 192 [2008] [internal quotations and citation omitted]). Supreme Court limited its holding to damages recoverable under a fraud cause of action, which are limited to the actual pecuniary loss sustained, i.e., the difference between the value of the property and the amount paid (see Continental Cas. Co. v PricewaterhouseCoopers, LLP, 15 NY3d 264, 271 [2010]). That fraud based ruling does not preclude plaintiff from seeking damages flowing from the breach of contract, including consequential damages such as lost rents and profits (see Bi-Economy Mkt., Inc. v Harleysville, Ins. Co. of N.Y., 10 NY3d at 192-193; Fitzpatrick v Animal Care Hosp., PLLC, 104 AD3d 1078, 1081-1082 [2013]; see also 2B NY PJI 3d 4:20 at 197-198 [2017]). Whether and to what extent plaintiff sustained such damages remains a question of fact for resolution at trial.
Garry, P.J., Egan Jr., Devine and Clark, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.



Footnotes

Footnote 1: The Littlefields are the children of Don Littlefield, who signed the underlying agreement as the managing member of Don Realty, LLC. In his deposition, Don Littlefield testified that his full name is Derwood Lee Littlefield; the answer to the complaint is signed by Derwood Lee Littlefield, as managing member of Don Realty, LLC. We take note that Sgambettera testified at a deposition that he signed the agreement as guardian for the children, but acknowledged that he had never been appointed as their guardian by a court.