Rock-Wright v O'Connor (2019 NY Slip Op 03430)





Rock-Wright v O'Connor


2019 NY Slip Op 03430


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

527332

[*1]KATHLEEN ROCK-WRIGHT et al., Appellants,
v
EDMUND E. O'CONNOR, Respondent.

Calendar Date: March 25, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


LaFave, Wein & Frament, PLLC, Guilderland (Paul H. Wein of counsel), for appellants.
Pemberton & Briggs, Schenectady (Paul Briggs of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (Muller, J.), entered December 27, 2017 in Essex County, which denied plaintiffs' motion for partial summary judgment.
On September 20, 2011, defendant, while driving his pickup truck, backed into and struck a vehicle driven by Julie Matyas. Plaintiff Kathleen Rock-Wright was a passenger in Matyas' vehicle. Rock-Wright, and her husband derivatively, commenced this action seeking damages for injuries she sustained in the accident. In his answer, defendant claimed that he was not liable because he was faced with an emergency that required him to quickly back up. Plaintiffs moved for partial summary judgment on the issue of liability, arguing that the emergency doctrine did not apply and that the evidence supported a finding that defendant was negligent. Supreme Court denied the motion, and plaintiffs appeal. We affirm.
During her examination before trial, Rock-Wright testified that she was in the car behind defendant's truck on an access road leading from a school parking lot to Route 9N. Defendant was waiting to turn right onto Route 9N. Rock-Wright recalled that she saw defendant's truck "coming at [them] fast" and strike the car that she was in at the front bumper and grill. Defendant explained that, as he was waiting, a car drove towards him from Route 9N attempting to turn left onto the access road. According to defendant, this third vehicle was going approximately 38 miles per hour and he did not notice it until it was six or seven feet in front of him. Defendant claimed that he put his truck into reverse to avoid being struck by this oncoming vehicle and that he did not see Matyas' vehicle prior to the collision. Defendant's nephew, who was a passenger in defendant's vehicle, confirmed that the third vehicle turned into the access road quickly and that defendant "kind of popped it in reverse to give [the third vehicle] more room to come into the lot and backed into the bumper of the car behind us." Plaintiffs' expert engineer determined that, accepting defendant's recollection of the speed and distance of the third vehicle, defendant would have had one eighth of one second to avoid a collision, and "it is beyond human ability to put a car in gear in that span of time[,] let alone put it in reverse and back it up," and that, therefore, defendant's defense was incredible.
Generally, because it is not contradicted that defendant backed up and struck Matyas' stopped vehicle, plaintiffs established prima facie entitlement to summary judgment on the issue of liability (see Vehicle and Traffic Law § 1211 [a]; Portalatin v City of New York, 165 AD3d 1302, 1303 [2018]; Ortiz v Calavera, 26 AD3d 319, 319 [2006]; Weather v North Am. Recycling Corp., 255 AD2d 666, 666-667 [1998]). However, "the emergency doctrine serves to relieve a defendant of liability if he or she was faced with an emergency situation not of his or her own making and responded in a manner that was reasonable and prudent in the emergency context" (Foster v Kelly, 119 AD3d 1250, 1251 [2014] [internal quotation marks and citations omitted]). Whether defendant was presented with an emergency is generally a question of fact (see Cancellaro v Shults, 68 AD3d 1234, 1236 [2009], lv denied 14 NY3d 706 [2010]). Even if, as plaintiffs argue, defendant's recollection of the speed and distance of the third vehicle was not credible, "[t]he court may not weigh the credibility of the affiants on a motion for summary judgment unless it clearly appears that the issues are not genuine, but feigned" (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968]; see Garcia v Stewart, 120 AD3d 1298, 1299 [2014]).
Defendant, who was not an expert, testified as to his recollection of an accident that happened nearly five years earlier. Both defendant and his passenger recalled unequivocally that a third vehicle approached at a high rate of speed and that it was necessary to quickly move backwards to avoid a collision. We are unable to conclude that the defense was feigned or incredible as a matter of law (see Somersall v New York Tel. Co., 52 NY2d 157, 158 [1981]) and find that Supreme Court properly denied plaintiffs' motion.
Egan Jr., J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, with costs.