Johnson v Freedman (2021 NY Slip Op 03646)





Johnson v Freedman


2021 NY Slip Op 03646


Decided on June 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 10, 2021

531545
[*1]Marian Johnson, Respondent,
v
Austin Freedman et al., Respondents, and Charles N. Pratt et al., Appellants.

Calendar Date:April 22, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Hite & Beaumont, PC, Albany (John H. Beaumont of counsel), for appellants.
Martin, Harding & Mazzotti, LLP, Albany (Adam C. Hover of counsel), for Marian Johnson, respondent.
Kelly & Leonard, LLP, Ballston Spa (Thomas E. Kelly of counsel), for Austin Freedman and others, respondents.



Egan Jr., J.
Appeal from that part of an order of the Supreme Court (Ryba, J.), entered February 27, 2020 in Albany County, which denied a cross motion by defendants Charles N. Pratt and Black & White Taxi, Inc. for summary judgment dismissing the complaint against them.
On February 9, 2016 at approximately 5:36 a.m., defendant Austin Freedman was operating a 2010 Mazda 6 owned by defendants Peter Freedman and Carolyn Freedman (hereinafter collectively referred to as the Freedman defendants) when he was involved in a motor vehicle collision with a taxicab driven by defendant Charles N. Pratt and owned by defendant Black & White Taxi, Inc. (hereinafter collectively referred to as the Pratt defendants). Plaintiff, a front-seat passenger in the taxi, sustained injuries to her neck, shoulder and back as a result of the collision. Plaintiff thereafter commenced this personal injury action against defendants seeking damages for the injuries that she sustained in the accident. Following joinder of issue and discovery, plaintiff moved for partial summary judgment on the issue of liability. The Pratt defendants cross-moved for summary judgment dismissing the complaint, contending, among other things, that Pratt was not negligent as he was confronted with an emergency situation that was not of his own making and acted reasonably and prudent under the circumstances. Plaintiff and the Freedman defendants opposed the cross motion. Supreme Court determined that, given the conflicting accounts regarding how the collision occurred, a question of fact existed, thus precluding summary judgment on the issue of whether the emergency doctrine applied under the circumstances. The Pratt defendants appeal from that part of the order that denied their cross motion, and we affirm.
"On a motion for summary judgment, the movant has the initial burden to establish its prima facie entitlement to summary judgment as a matter of law by submitting evidentiary proof in admissible form, demonstrating the absence of any material issues of fact" (Reed v New York State Elec. & Gas Corp., 183 AD3d 1207, 1209 [2020] [internal quotation marks and citations omitted]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). If the moving party satisfies its initial burden, the burden then shifts to the nonmoving party to demonstrate the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Foster v Kelly, 119 AD3d 1250, 1252 [2014]).
The sole issue raised on appeal is whether a triable issue of fact exists with respect to whether the emergency doctrine absolved the Pratt defendants from liability for the subject accident. It is well settled that "[t]he emergency doctrine relieves an automobile driver of liability when such driver is faced with an emergency situation, not of his or her own making, has little or no time to consider an alternative course of conduct and acts reasonably under the circumstances" (Shetsky v Corbett, 107 AD3d 1100[*2], 1101 [2013] [internal quotation marks and citations omitted]; see Caristo v Sanzone, 96 NY2d 172, 174-175 [2001]; Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]). Although it has been held that "an emergency situation arises when a vehicle traveling in the opposite direction crosses into a driver's lane" (Hubbard v County of Madison, 93 AD3d 939, 940 [2012], lv denied 19 NY3d 805 [2012]; see Foster v Kelly, 119 AD3d at 1251), summary judgment is only appropriate where it is established that the driver invoking the doctrine "did not contribute to the creation of the emergency situation, and that his or her reaction was reasonable under the circumstances such that he or she could not have done anything to avoid the collision" (Cahoon v Frechette, 86 AD3d 774, 775 [2011]; see Brust v McDaniel, 162 AD3d 1196, 1197 [2018]; Warley v Grampp, 103 AD3d 997, 999 [2013]).
In support of their motion for summary judgment, the Pratt defendants submitted, among other things, a copy of the police accident report and Pratt's deposition testimony. According to Pratt, he was traveling eastbound on Peoples Avenue in the City of Troy, Rensselaer County, when he stopped at a red light at the intersection of Peoples Avenue and Burdett Avenue. Given the early hour, it was still dark outside and it was lightly snowing and the roadway was covered in snow. When the light turned green, Pratt proceeded to enter the intersection, at which time he observed a vehicle proceeding westbound on Peoples Avenue coming down the opposite hill towards the intersection. Pratt stated that the vehicle was "going too fast" and, when he observed it, it was already "out of control . . . sliding on the snow." In response, he immediately pulled his taxi to the curb along the right side of Peoples Avenue — the southeast corner of the intersection with Burdett Avenue — and stopped. The other vehicle continued to slide down the hill into his lane of travel and simultaneously struck the front of his taxi and an adjacent light pole. Given Pratt's testimony that he was confronted with an emergency situation not of his own making and, thereafter, reasonably pulled to the side of the road and stopped, the Pratt defendants met their threshold burden, thereby shifting the burden to plaintiff and the Freedman defendants to proffer evidence demonstrating the existence of material issue of fact (see Foster v Kelly, 119 AD3d at 1252; Shetsky v Corbett, 107 AD3d at 1102; Cancellaro v Shults, 68 AD3d 1234, 1237 [2009], lv denied 14 NY3d 706 [2010]).
In opposition, the Freedman defendants proffered, among other things, the deposition testimony of Austin Freedman (hereinafter Freedman). According to Freedman, he had four occupants in his vehicle and was travelling westbound on Peoples Avenue on the way to a 5:45 a.m. training session. Freedman indicated that there was approximately two inches of snow on the ground and, as he approached the hill immediately preceding the subject intersection[*3], he stopped at the top thereof to wait for the light to turn green to avoid potentially sliding through the red light at the intersection. When the light turned green, he proceeded downhill but "fishtail[ed]" and began losing control of the vehicle "almost immediate[ly]." Contrary to Pratt's version of events, Freedman testified that he was going approximately 10 miles per hour as his vehicle crossed into the opposing lane of travel and thereafter struck the light pole adjacent to the eastbound lane of travel on Peoples Avenue and came to a stop. Freedman indicated that approximately five seconds went by — enough time for him to inquire whether the other four occupants of his vehicle were okay — before his vehicle was then struck by Pratt's taxi.
Plaintiff's deposition testimony corroborated Freedman's account. According to plaintiff, she was riding in the front passenger seat of the taxi and, prior to the collision, heard Pratt ask, "What is this guy doing?" She then observed Freedman's vehicle hit the light pole and come to a stop before the taxi subsequently collided with it. Given the conflicting accounts with respect to which vehicle struck the other first, a question of fact exists regarding whether the emergency doctrine is applicable in this case, and it is for the jury to determine whether Pratt acted reasonably and prudently under the circumstances or whether he had sufficient time to take evasive action to avoid the collision (see Brust v McDaniel, 162 AD3d at 1198; Warley v Grampp, 103 AD3d at 999; Dumas v Shafer, 4 AD3d 720, 722 [2004]; see also Green v Metropolitan Transp. Auth. Bus Co., 26 NY3d 1061, 1062 [2015]). Accordingly, Supreme Court appropriately denied the Pratt defendants' cross motion for summary judgment dismissing the complaint against them.
Garry, P.J., Lynch and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.