Lee v Helsley (2024 NY Slip Op 03213)

Lee v Helsley

2024 NY Slip Op 03213

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

CV-23-0388
[*1]Martin R. Lee, Appellant,
v
Gary A. Helsley, Respondent, et al., Defendant. (Action No. 1.)
Carol L. Stone, Appellant,
v
Gary A. Helsley, Respondent. (Action No. 2.)

Calendar Date:April 25, 2024

Before:Egan Jr., J.P., Aarons, Fisher, McShan and Mackey, JJ.

The Law Offices of Joseph R. Bongiorno & Associates, PC, Mineola (Joseph R. Bongiorno of counsel), for Martin R. Lee, appellant in action No. 1.
Law Offices of Rothenberg & Romanek, Garden City (Alan M. Shushan of counsel), for respondent.

Egan Jr., J.P.
Appeal from an order of the Supreme Court (James P. Gilpatric, J.), entered February 1, 2023 in Ulster County, which granted defendant Gary A. Helsley's motion for summary judgment dismissing the complaints.
On July 18, 2015 at approximately 7:52 p.m., defendant Gary A. Helsley (hereinafter defendant) was driving his 2008 Suzuki SX4 southbound on a relatively straight portion of State Route 9W, a two-lane highway, in the Town of Esopus, Ulster County. Plaintiff Carol L. Stone was driving northbound in a 2010 Mercedes ML350, and plaintiff Martin R. Lee was her passenger. Stone lost control of the Mercedes when it hydroplaned on the wet pavement, and the rear end of the vehicle drifted sideways into the southbound lane, where it was struck by defendant's vehicle.
In October 2017, Lee commenced a personal injury action against Stone and defendant, alleging that their negligence had caused the accident and led to his purported injuries. Stone commenced a personal injury action on the same day against defendant alone. Following joinder of issue in both actions, they were joined for purposes of discovery and trial. Defendant thereafter moved for summary judgment dismissing both complaints, arguing, among other things, that he was not negligent because he had been confronted by an emergency situation when the Mercedes crossed into his lane of traffic and he could not have avoided the collision. Supreme Court agreed and granted the motion, prompting Lee and Stone to appeal.
We reverse. "[I]n order for a driver to be entitled to summary judgment based upon the emergency doctrine, he or she must demonstrate, as a matter of law, that the emergency situation with which he or she was confronted was not of his or her own making and that his or her reaction was reasonable under the circumstances such that he or she could not have done anything to avoid the collision" (Lopez-Viola v Duell, 100 AD3d 1239, 1242 [3d Dept 2012] [internal quotation marks and citation omitted]; accord Williams v Ithaca Dispatch, Inc., 211 AD3d 1384, 1385 [3d Dept 2022]). There is no question that an emergency situation may arise "when a car going in the opposite direction crosses into the driver's lane" (Burnell v Huneau, 1 AD3d 758, 760 [3d Dept 2003]; accord Northacker v County of Ulster, 212 AD3d 86, 92 [3d Dept 2022]; see Johnson v Freedman, 195 AD3d 1206, 1207 [3d Dept 2021]; Shetsky v Corbett, 107 AD3d 1100, 1101 [3d Dept 2013]). Nevertheless, "summary judgment is only appropriate where it is established that the driver invoking the doctrine 'did not contribute to the creation of the emergency situation, and that his or her reaction was reasonable under the circumstances such that he or she could not have done anything to avoid the collision' " (Johnson v Freedman, 195 AD3d at 1207, quoting Cahoon v Frechette, 86 AD3d 774, 775 [3d Dept 2011]; see Northacker v County of Ulster, 212 AD3d at 92; Shetsky v Corbett, 107 AD3d at 1101-1102).
In support of his summary judgment motion[*2], defendant came forward with the parties' deposition testimony and the police accident report, all of which established that the collision occurred after the Mercedes skidded into defendant's lane of traffic. Lee was unable to provide a detailed description of the accident in his deposition testimony. Stone gave more detail in her own testimony, stating that she was driving "significantly slower" than normal because of the heavy "danger rain" that was falling and that the vehicle went "sideways" when it hydroplaned. She further testified that the Mercedes partially crossed into the opposite lane of traffic and had come to a complete stop a "split second" before it was hit, and she made clear that she had a hard time specifying exactly how long a "split second" was, stating at different points that the vehicle had been stopped for 5 or 10 seconds "at least," and possibly as long as 20 seconds, before the collision occurred. Defendant, in contrast, testified how the rain had stopped and how he was traveling about 45 miles per hour in a 55 mile-per-hour zone. He described spotting the Mercedes when it was about 100 feet in front of him and appropriately traveling in the northbound lane of traffic, as well as how it swerved and partially crossed into his lane of traffic when it was about 50 feet in front of him. Defendant further detailed how the vehicle was still sliding toward him an "instant" later when the collision occurred, leaving him with no time to hit the brakes or take evasive action.
In our view, the foregoing proof in defendant's motion papers reveals the existence of materially conflicting accounts as to how the collision occurred, with defendant describing a situation in which he could not have avoided a vehicle that crossed into his lane of traffic directly in front of him and Stone describing a scenario in which the vehicle had been sitting at a standstill in defendant's lane of traffic for up to 20 seconds before the collision and he had ample time to spot and take evasive action to avoid it. "Given the conflicting accounts about the distance and the elapsed time between when [the Mercedes] moved into defendant's lane and the collision," defendant failed to meet his initial burden of demonstrating the absence of "triable issues of fact . . . as to whether defendant's actions, when confronted with an emergency situation, were reasonable and whether he could have taken evasive action to avoid" the Mercedes (Brust v McDaniel, 162 AD3d 1196, 1198 [3d Dept 2018]; see Johnson v Freedman, 195 AD3d at 1208; Dumas v Shafer, 4 AD3d 720, 721-722 [3d Dept 2004]; Quiles v Greene, 291 AD2d 345, 345-346 [1st Dept 2002]; Gaeta v Morgan, 178 AD2d 732, 734 [3d Dept 1991]). Thus, defendant's summary judgment motion should have been denied without regard to the sufficiency of the opposition papers (see Winegard v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Aarons, Fisher, McShan and Mackey, JJ., concur.
ORDERED that the order is reversed, [*3]on the law, with costs, and motion denied.