*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014          514674
                                                515239
_____

MICHAEL LYNCH,
                    Respondent,

        v                                MEMORANDUM AND ORDER

WILLIAM CARLOZZI JR.,
                    Appellant.
_____


Calendar Date:   September 12, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.

                    _____


        Carter, Conboy, Case, Blackmore, Maloney & Laird, PC,
Albany (Panagiota K. Hyde of counsel), for appellant.

        O'Connell & Aronowitz, PC, Albany (Stephen R. Coffey of
counsel), for respondent.

                    _____


Egan Jr., J.

        Appeals (1) from an order of the Supreme Court (Krogmann,
J.), entered August 9, 2011 in Warren County, which denied
defendant's motion to preclude certain expert testimony, and (2)
from an order of said court, entered May 24, 2012 in Warren
County, which granted plaintiff's motion to admit certain records
into evidence.

        Plaintiff commenced this action in September 1999 seeking
to recover for personal injuries allegedly sustained in August
1991 when, as a pedestrian, he was struck by a motor vehicle
operated by defendant.  Following joinder of issue, defendant —
contending that the action was barred by both the applicable
statute of limitations and plaintiff's execution of a certain

release – successfully moved for summary judgment dismissing the complaint. Upon appeal, this Court found that plaintiff had raised a question of fact as to whether he was acting under a disability at the time his cause of action accrued and, further, whether he possessed the capacity to execute the subject release, and the matter was remitted for a hearing on these issues (284 AD2d 865 [2001]).

Defendant thereafter moved in limine for an order limiting and/or precluding the opinion testimony of one of plaintiff's expert witnesses, psychiatrist Henry Camperlengo, and limiting the testimony offered by plaintiff's remaining expert, forensic psychiatrist Stephen Price, asserting that plaintiff's expert disclosures relative to Camperlengo and Price were not in compliance with CPLR 3101 (d) (1) (i). By order entered August 9, 2011, Supreme Court denied defendant's motion. At the conclusion of the hearing that followed, at which both Camperlengo and Price appeared and testified, Supreme Court allowed the record to remain open in order to afford plaintiff an opportunity to submit into evidence a properly certified copy of his records from the Social Security Administration. Thereafter, by order entered May 24, 2012, Supreme Court received such records into evidence over defendant's objection. These appeals by defendant ensued.

Defendant's motion in limine and his application relative to plaintiff's Social Security records sought to limit the proof to be offered at – or considered in conjunction with – the underlying hearing held to address the nature and extent of plaintiff's disability, and the orders from which defendant has appealed resolved only those narrow evidentiary issues.[1] In this regard, the case law makes clear that "[a]n order which merely

_____

[1] During the pendency of these appeals, Supreme Court issued an order and amended order in February 2014 denying defendant's motion for summary judgment. Defendant recently perfected his appeal to this Court from those orders and, in the interim, we denied his motion to consolidate the instant appeals with his appeal from the February 2014 orders.

determines the admissibility of evidence, even when made in advance of trial [or a hearing] on motion papers, constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (Bozzetti v Pohlmann, 94 AD3d 1201, 1201 [2012] [internal quotation marks and citations omitted]; see George Tsunis Real Estate, Inc. v Benedict, 116 AD3d 1002, 1003 [2014]; Heyward v Shanne, 114 AD3d 1212, 1213 [2014]; Madden v Town of Greene, 95 AD3d 1426, 1427-1428 [2012]; Matter of Lyons v Lyons, 86 AD3d 569, 570 [2011]).  As the orders from which the instant appeals are taken neither limited the scope of the issues or the theories of liability to be tried in the context of plaintiff's personal injury action (compare Vaughan v Saint Francis Hosp., 29 AD3d 1133, 1135 [2006]) nor resolved defendant's underlying motion for summary judgment dismissing the complaint (compare Robinson v Bartlett, 95 AD3d 1531, 1536 n 2 [2012]; Jackson v Nutmeg Tech., Inc., 43 AD3d 599, 600 n [2007]), they are not appealable.  Accordingly, the appeals are dismissed.

Peters, P.J., Stein, Garry and Clark, JJ., concur.

ORDERED that the appeals are dismissed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court