## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  June 11, 2015                    520173
_____

JOSE HURTADO, as Administrator
    of the Estate of JOSE A.
    HURTADO, Deceased,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

CAROL A. WILLIAMS,
                        Defendant,

        and

BLACK BEAR TAVERN AND
    RESTAURANT, INC.,
    Individually and Doing
    Business as THE BLACK BEAR,
                        Respondent.
_____

Calendar Date:  April 20, 2015

Before:  Lahtinen, J.P., Rose, Devine and Clark, JJ.

_____

        Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara &
Wolf, LLP, Lake Success (David T. Verschell of counsel), for
appellant.

        Costello, Cooney & Fearon, PLLC, Camillus (Maureen G.
Fatcheric of counsel), for respondent.

_____

Devine, J.

        Appeal from an order of the Supreme Court (Becker, J.),
entered January 27, 2014 in Delaware County, which granted a
motion by defendant Black Bear Tavern and Restaurant, Inc. to
preclude plaintiff's expert testimony.

As set forth in our prior decision (112 AD3d 1047 [2013]), this case stems from a fatal automobile accident in which a vehicle driven by defendant Carol A. Williams collided with one driven by Jose A. Hurtado (hereinafter decedent). Prior to the accident, Williams had been drinking at a tavern operated by defendant Black Bear Tavern and Restaurant, Inc. Plaintiff, the administrator of decedent's estate, commenced this action against defendants and asserted General Obligations Law § 11-101 and common-law negligence claims. Plaintiff served a response to defendants' combined discovery demands indicating that he intended to call at trial toxicologist Elkin Simson. Simson, relying upon a blood test that showed that Williams had a blood alcohol content of .14% approximately six hours after the accident, opined that Williams would have been visibly intoxicated and had an even higher blood alcohol content at the time she was drinking at the tavern. Black Bear moved to preclude the testimony of Simson at trial. After conducting a Frye hearing, Supreme Court granted the motion. Plaintiff now appeals.

It is well settled that "an order which merely determines the admissibility of evidence, even when made in advance of trial on motion papers, constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (Brindle v Soni, 41 AD3d 938, 939 [2007] [internal quotation marks and citations omitted]; see Lynch v Carlozzi, 121 AD3d 1308, 1309 [2014]). Supreme Court precluded plaintiff from offering an expert opinion as to "the extrapolated blood alcohol content [and] the physiological condition" of Williams while she was at the tavern, crediting the testimony of Black Bear's expert that such an opinion could not be reliably drawn from the available proof.[1] Regardless of whether Supreme Court abused its discretion in making that determination, it was plainly an evidentiary ruling that did not "limit[] the scope of the issues

---

[1]  In the Frye context, a court may exclude an expert opinion if "there is simply too great an analytical gap between the data and the opinion proffered" (General Elec. Co. v Joiner, 522 US 136, 146 [1997]; accord Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d 762, 781 [2014]).

or the theories of liability to be tried" (<u>Lynch v Carlozzi</u>, 121 AD3d at 1310; <u>see</u> <u>Fontana v LaRosa</u>, 74 AD3d 1016, 1017 [2010]; <u>Santos v Nicolas</u>, 65 AD3d 941, 941 [2009]).  Indeed, counsel for plaintiff acknowledged at oral argument that the preclusion of the proffered expert evidence is not fatal to his claims and that a trial will occur even if the evidence is not allowed. Appellate review thus must wait until after trial, when the relevance of the evidence and the effect of the evidentiary ruling may be properly assessed (<u>see</u> <u>Bozzetti v Pohlmann</u>, 94 AD3d 1201, 1201 [2012]; <u>Ferrara v Kearney</u>, 285 AD2d 890, 890 [2001]).

Lahtinen, J.P., Rose and Clark, JJ., concur.

ORDERED that the appeal is dismissed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court