*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    519415
_____

CALABRESE BAKERIES, INC.,
    Individually and in the Name
    of and for the Benefit of
    B.M. BAKING COMPANY, INC.,
    et al.,
                          Appellants,        MEMORANDUM AND ORDER
        v

ROCKLAND BAKERY, INC., et al.,
                          Respondents.
_____

Calendar Date:   March 25, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Hug Law PLLC, Albany (Matthew C. Hug of counsel), for
appellants.

        Higgins, Roberts & Suprunowicz, PC, Schenectady (Michael E.
Basile of counsel), for Rockland Bakery, Inc. and others,
respondents.

        Gleason, Dunn, Walsh & O'Shea, Albany (Ronald G. Dunn of
counsel), for WTF Bakery, Inc. and others, respondents.

_____

Clark, J.

        Appeal from an order of the Supreme Court (Kramer, J.),
entered October 18, 2013 in Schenectady County, which granted
motions by defendants Ignazio "Salvatore" Battaglia, Rockland
Bakery, Inc. and Rockland Bakery NY, Inc. to preclude certain
evidence.

The facts underlying this case are set forth in greater detail in a prior decision of this Court (102 AD3d 1033 [2013]). Briefly, plaintiff Joseph A. Melino, the president of plaintiff Calabrese Bakeries, Inc., and defendant Ignazio "Salvatore" Battaglia, the president of defendant Rockland Bakery, Inc., entered into a contract in which they agreed to form plaintiff B.M. Baking Company, Inc., a corporation that, ostensibly, would act as the exclusive wholesale and retail distributor of baked goods provided by Rockland. In 2004, following Melino's incarceration and alleged misconduct by defendant Clark J. Seely, the individual who apparently managed B.M. Baking during Melino's incarceration, B.M. Baking was judicially dissolved.[1]

Plaintiffs commenced this action asserting causes of action for, among other things, breach of contract, breach of fiduciary duty, conversion and fraudulent inducement. Following joinder of issue and discovery, Battaglia, Rockland and defendant Rockland Bakery NY, Inc. (hereinafter collectively referred to as the Rockland defendants) moved for summary judgment dismissing the complaint. Seely, along with defendants WTF Bakery, Inc., Portside Distributors, Inc., C&C Specialties, Inc. and Joslen Developers, LLC., moved for similar relief. Supreme Court denied the motions with respect to the causes of action alleging fraudulent inducement, breach of contract and conversion, but otherwise granted the motions and dismissed the remaining causes of action. Upon the parties' cross appeals, this Court modified Supreme Court's order to the extent of reinstating plaintiffs' cause of action for breach of fiduciary duty and, otherwise, affirmed (102 AD3d at 1037-1038).

Thereafter, in April 2013, plaintiffs served upon defendants a supplemental response to defendants' combined discovery demands consisting of an index of over 13,000 invoices and, in July 2013, they produced the invoices referenced in the index. The Rockland defendants moved in limine to, as relevant

---

[1] Efforts to vacate or annul the judicial dissolution were unsuccessful (see Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc., 83 AD3d 1080 [2011]; Matter of Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 83 AD3d 1060 [2011]).

here, preclude the index and those of the invoices that had not been previously disclosed and, after plaintiffs served a supplemental expert report that relied, in part, on the newly-disclosed invoices, they moved to preclude plaintiffs from introducing, referencing or relying on the supplemental expert report at trial.  Supreme Court granted the motions, prompting this appeal by plaintiffs.

As a threshold matter, an order ruling on a motion in limine is generally not appealable as of right or by permission "since an order[] made in advance of trial which merely determined the admissibility of evidence is an unappealable advisory ruling" (Parker v Mobil Oil Corp., 16 AD3d 648, 650 [2005], affd on other grounds 7 NY3d 434 [2006]; see Lynch v Carlozzi, 121 AD3d 1308, 1309 [2014]; Bozzetti v Pohlmann, 94 AD3d 1201, 1201 [2012]).  "However, an order that limits the scope of issues to be tried, affecting the merits of the controversy or the substantial rights of a party, is appealable" (Vaughan v Saint Francis Hosp., 29 AD3d 1133, 1135 [2006]; see Dischiavi v Calli, 125 AD3d 1435, 1436 [2015]; Brown v State of New York, 250 AD2d 314, 320-321 [1998]).  The order appealed from here, rather than "merely limit[ing] the production of certain evidence as immaterial to damages," restricted plaintiffs' ability to prove and recover damages that they allegedly incurred after the judicial dissolution of B.M. Baking and it is, therefore, appealable (Scalp & Blade v Advest, Inc., 309 AD2d 219, 224 [2003]; see Franklin Corp. v Prahler, 91 AD3d 49, 54 [2011]).

Turning to the merits, CPLR 3126 provides that, "[i]f any party . . . refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . ., the court may make such orders with regard to the failure or refusal as are just," including "an order prohibiting the disobedient party from supporting or opposing designated claims or defenses [or] from producing in evidence designated things or items of testimony."  "It is within the trial court's discretion to determine the nature and degree of the penalty, and the sanction will remain undisturbed unless there has been a clear abuse of discretion" (Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877,

880 [2013] [citations omitted]; see Du Valle v Swan Lake Resort Hotel, LLC, 26 AD3d 616, 617 [2006]).

Here, the Rockland defendants' combined discovery demands, which were served upon plaintiffs in 2006, were sufficiently broad to encompass the documents that were disclosed by plaintiffs in 2013. Plaintiffs produced the precluded index and invoices long after the 2007 court-ordered deadline for document disclosure and several months after the Rockland defendants filed and served an expert report. Further, the belatedly-disclosed documents were available to plaintiffs at the time that they responded to the Rockland defendants' combined discovery demands and they failed to offer any compelling reason for their late disclosure. Accordingly, as these circumstances give rise to the inference that plaintiffs' late disclosure was willful and the Rockland defendants would be prejudiced by plaintiffs' use of the belatedly-disclosed documents, Supreme Court did not abuse its discretion in precluding plaintiffs from introducing, referencing or relying on those documents at trial (see Greaves v Burlingame, 12 AD3d 730, 731-732 [2004], lv dismissed and denied 5 NY3d 741 [2005], lv dismissed 5 NY3d 742 [2005]; Osterhoudt v Wal-Mart Stores, 273 AD2d 673, 674-675 [2000]).

Plaintiffs further contend that Supreme Court erroneously precluded their supplemental expert report on the basis that their recoupment of damages on their breach of fiduciary duty claim was limited to those incurred prior to the judicial dissolution of B.M. Baking. In its October 2011 order resolving defendants' motions for summary judgment, of which we take judicial notice (see Matter of Hannah U. [Patti U.], 110 AD3d 1258, 1260 n 5 [2013]), Supreme Court dismissed, without qualification, "the portions of all [of p]laintiffs' claims and causes of action seeking damages . . . beyond . . . the date of dissolution." Upon the parties' cross appeals from that order, this Court upheld Supreme Court's determination with respect to damages, stating that Supreme Court did not err "in concluding that plaintiffs' damages, if any, must be limited to those incurred prior to the . . . dissolution of B.M. Baking" (102 AD3d at 1035). The limitation on damages was broadly defined by both Supreme Court and this Court and, in the absence of any indication that the limitation applied to some causes of action

and not others, we are unpersuaded by plaintiffs' assertion that the limitation related to only their breach of contract claim.[2] To the extent that plaintiffs' challenge to the limitation on damages differs from that raised in their prior appeal, they waived such argument by failing to raise it previously (see Theophilova v Dentchev, 117 AD3d 531, 533 [2014]; Smith v Smith, 116 AD3d 1139, 1142 [2014]; Czernicki v Lawniczak, 103 AD3d 769, 770 [2013], lv dismissed 21 NY3d 929 [2013]). Accordingly, inasmuch as the scope of damages was an issue that was raised and litigated in plaintiffs' prior appeal, plaintiffs are barred by the doctrine of law of the case from alleging damages past the date of the judicial dissolution of B.M. Baking, and their attempt to do so through their supplemental expert report was improper (see Matter of Murtaugh v New York State Dept. of Envtl. Conservation, 134 AD3d 1392, 1393-1394 [2015]; Juhasz v Juhasz, 101 AD3d 1690, 1690 [2012]; Moran Enters., Inc. v Hurst, 96 AD3d 914, 916 [2012]). Moreover, Supreme Court's preclusion of plaintiffs' supplemental expert report at trial, and any reliance thereon, would have also been warranted under CPLR 3101 (d) (1) (i), as plaintiffs served the report on defendants well after the deadline for expert disclosure and roughly six weeks before the scheduled date of trial (see Dombrowski v Moore, 299 AD2d 949, 950-951 [2002]). Thus, we decline to disturb Supreme Court's order of preclusion.

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.

---

[2] Notably, in rendering its oral decision on the Rockland defendants' motion to preclude plaintiffs from using the supplemental expert report at trial, Supreme Court stated that the damages limitation that it had in its October 2011 order applied to "all causes of action."

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court