C.H. v Dolkart (2019 NY Slip Op 05614)





C.H. v Dolkart


2019 NY Slip Op 05614


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

527648

[*1]C.H., an Infant, by His Mother and Guardian, CHARLENE HOAD, Respondent,
v
LAWRENCE A. DOLKART, Appellant.

Calendar Date: May 28, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Levene Gouldin & Thompson, LLP, Vestal (John J. Pollock of counsel), for appellant.
The Fitzgerald Law Firm, PC, Yonkers (Mitchell Gitten of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Supreme Court (O'Shea, J.), entered April 4, 2018 in Chemung County, which denied defendant's motion to preclude the opinions of plaintiff's experts.
Plaintiff (hereinafter the infant) was born at a gestational age of approximately 28 weeks. His premature birth resulted after Charlene Hoad (hereinafter the mother) began suffering pregnancy complications, including leaking fluids and bleeding, when she was 25 weeks pregnant. Although the bleeding initially resolved, the mother was referred to defendant, who examined her and scheduled her for follow-up care. Before her next appointment, she began bleeding again and went to the emergency room. Upon arrival, the treating physician notified defendant and arranged for the mother to be transferred to another hospital. Following transfer, she went into labor and, due to the infant's breech position, defendant delivered him via cesarean section. After his birth, the infant was diagnosed with a brain injury, which resulted in cerebral palsy, and the infant, by the mother, commenced this action alleging that his injuries were the result of defendant's malpractice. Following joinder of issue, defendant unsuccessfully moved for summary judgment dismissing the complaint. On a prior appeal, this Court affirmed, finding that there were triable issues of fact as to whether defendant had deviated from the standard of care and whether any such deviation caused the infant's injuries. Defendant subsequently moved to preclude the opinions of the infant's expert witnesses as inadmissible under Frye v United States (293 F 1013, 1014 [1923]). Supreme Court denied defendant's motion without a hearing, and defendant appeals.
It is well settled that "an order which merely determines the admissibility of evidence, even when made in advance of trial on motion papers, constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (Ferrara v Kearney, 285 AD2d 890, 890 [2001] [internal quotation marks and citation omitted]; see Hurtado v Williams, 129 AD3d 1284, 1284-1285 [2015]; Lynch v Carlozzi, 121 AD3d 1308, 1309 [2014]; Brindle v Soni, 41 [*2]AD3d 938, 939 [2007]). Here, Supreme Court's decision merely permits the infant to offer various testimony of his expert witnesses and does not limit the scope of issues to be tried (see Lynch v Carlozzi, 121 AD3d at 1309-1310; Ferrara v Kearney, 285 AD2d at 890; Strait v Ogden Med. Ctr., 246 AD2d 12, 14 [1998]; compare Vaughan v Saint Francis Hosp., 29 AD3d 1133, 1135 [2006]). Therefore, appellate review of the court's ruling "must await the conclusion of a trial so that the relevance of the proffered evidence, and the effect of [the court's] ruling with respect thereto, can be assessed in the context of the record as a whole" (Brindle v Soni, 41 AD3d at 939 [internal quotation marks and citation omitted]; see Hurtado v Williams, 129 AD3d at 1285; Bozzetti v Pohlmann, 94 AD3d 1201, 1201 [2012]; Strait v Ogden Med. Ctr., 246 AD2d at 14). Accordingly, this appeal must be dismissed (see Lynch v Carlozzi, 121 AD3d at 1309-1310; Bozzetti v Pohlmann, 94 AD3d at 1201; Brindle v Soni, 41 AD3d at 939).
Lynch, Clark, Devine and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, with costs.