Ramulic v State of New York (2020 NY Slip Op 00751)





Ramulic v State of New York


2020 NY Slip Op 00751


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1095 CA 18-02372

[*1]RAZIM RAMULIC AND RAJKA RAMULIC, CLAIMANTS-RESPONDENTS,
v
STATE OF NEW YORK, DEFENDANT-APPELLANT. (CLAIM NO. 119842.) 






STILLWELL MIDGLEY PLLC, BUFFALO (DAVID M. STILLWELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
 


 Appeal from an interlocutory judgment of the Court of Claims (J. David Sampson, J.), entered June 12, 2018. The interlocutory judgment, among other things, apportioned liability 75% to defendant. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this action to recover for injuries sustained by Razim Ramulic (claimant) when he slipped and fell on defendant's property, defendant appeals from an interlocutory judgment of the Court of Claims that, after a trial on the issue of liability, apportioned liability 75% to defendant and 25% to claimant. We affirm.
We reject defendant's contention that the court erred in denying its motion for summary judgment dismissing the claim. Defendant failed to meet its initial burden on the motion by establishing that it had relinquished control of the property (see generally Gronski v County of Monroe, 18 NY3d 374, 381-382 [2011], rearg denied 19 NY3d 856 [2012]).
We also reject defendant's contention that the court erred in precluding it from offering in evidence at trial an Amended and Restated Project Management Agreement (Agreement) pertaining to the property. Where a party fails to disclose information that the court finds ought to have been disclosed, "[i]t is within the trial court's discretion to determine the nature and degree of the penalty, and the sanction will remain undisturbed unless there has been a clear abuse of discretion" (Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 139 AD3d 1192, 1194 [3d Dept 2016] [internal quotation marks omitted]). Further, "[a]lthough a party may not be compelled to produce or sanctioned for failing to produce information which [it] does not possess . . . , the failure to provide information in its possession will . . . preclude it from later offering proof regarding that information at trial" (Vaz v New York City Tr. Auth., 85 AD3d 902, 903 [2d Dept 2011]; see Kontos v Koakos Syllogos "Ippocrates," Inc., 11 AD3d 661, 661 [2d Dept 2004]; see generally Hogan v Vandewater, 104 AD3d 1164, 1165 [4th Dept 2013]). Here, although defendant previously produced an unsigned copy of the Agreement in response to claimants' discovery demands, it did not produce a signed Agreement until the pretrial conference three days before trial and failed to establish that it was not previously in possession of the signed Agreement. We thus conclude that the court did not abuse its discretion in precluding the signed Agreement at trial (see generally Calabrese Bakeries, Inc., 139 AD3d at 1194).
We likewise reject defendant's contention that the court erred in finding that defendant had not relinquished control of the property where claimant fell. "On appeal from a judgment [*2]entered after a nonjury trial, this Court has the power to set aside the trial court's findings if they are contrary to the weight of the evidence and to render the judgment we deem warranted by the facts," although "[w]e must give due deference . . . to the court's evaluation of the credibility of the witnesses and quality of the proof . . . and review the record in the light most favorable to sustain the judgment" (Mosley v State of New York, 150 AD3d 1659, 1660 [4th Dept 2017] [internal quotation marks omitted]; see Black v State of New York [appeal No. 2], 125 AD3d 1523, 1524-1525 [4th Dept 2015]). "Moreover, [o]n a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (Mosley, 150 AD3d at 1660 [internal quotation marks omitted]).
Like other landowners, the State "must act as a reasonable [person] in maintaining [its] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (id.; see Johnston v State of New York, 127 AD2d 980, 980-981 [4th Dept 1987], lv denied 69 NY2d 611 [1987]). That duty, however, "is premised on the landowner's exercise of control over the property," and thus "a landowner who has transferred possession and control is generally not liable for injuries caused by dangerous conditions on the property" (Gronski, 18 NY3d at 379). Based on the testimony and documentary evidence admitted at trial, we conclude that the court's determination that defendant retained control of the property, and specifically that it remained responsible for snow and ice removal, is not against the weight of the evidence. Defendant's further contention that it ceded control of the property by virtue of the Facilities Development Corporation Act (McKinney's Uncons Laws of NY § 4401 et seq.) is raised for the first time on appeal and thus is not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). In any event, defendant failed to establish how the cited provisions, which apply to health facilities improvement programs, pertain to the historic rehabilitation project that was taking place at defendant's property at the time of the accident (see Uncons Laws §§ 4403 [7]; 4405 [6]; 4408).
We reject defendant's contentions that the court erred in failing to allocate liability to any other entity for its relative culpable conduct and that it erred in allocating only 25% liability to claimant. As noted above, the evidence at trial did not establish that defendant relinquished its control of the property, and specifically its responsibility for snow and ice removal, to another entity, and thus the court properly allocated liability between defendant and claimant as the only possible culpable parties (see generally CPLR 1601). Further, we conclude that a fair interpretation of the evidence supports the court's determination that defendant was 75% at fault for the accident (see generally Mosley, 150 AD3d at 1661).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court