Reed v New York State Elec. & Gas Corp. (2020 NY Slip Op 03054)





Reed v New York State Elec. & Gas Corp.


2020 NY Slip Op 03054


Decided on May 28, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 28, 2020

528342

[*1]Andy R. Reed, Individually and as Administrator of the Estate of Benjamin Reed, Deceased, Appellant,
v
New York State Electric & Gas Corporation et al., Respondents.

Calendar Date: March 27, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Sidney P. Cominsky, LLC, Syracuse (Sidney P. Cominsky of counsel), for appellant.
Ward Greenberg Heller & Reidy LLC, Rochester (Joshua M. Agins of counsel), for New York State Electric & Gas Corporation, respondent.
Lippman O'Connor, Buffalo (Gerard E. O'Connor of counsel), for Village of Horseheads, respondent.
Barclay Damon LLP, Elmira (Alan R. Peterman of counsel), for County of Chemung, respondent.
Lynch Law Office, PLLC, Syracuse (Thomas J. Lynch of counsel), for Town of Horseheads, respondent.



Reynolds Fitzgerald, J.
(1) Appeals (a) from an order of the Supreme Court (O'Shea, J.,) entered August 29, 2018 in Chemung County, which, among other things, granted motions by defendant County of Chemung and defendant Town of Horseheads for summary judgment dismissing the complaint against them, and partially granted a motion by defendant New York State Electric & Gas for summary judgment dismissing the complaint against it, and (b) from an order of said court, entered November 14, 2018 in Chemung County, which, among other things, partially granted a motion by defendant New York State Electric & Gas Corporation to preclude certain witness testimony, and (2) motion to strike portions of plaintiff's brief and reply brief.
On January 26, 2011, an explosion occurred at a home in the Town of Horseheads, Chemung County. As a result of the explosion, plaintiff's 15-month-old son (hereinafter the child) was killed and the child's mother and great grandfather were seriously injured; the explosion occurred at the great grandfather's house. An investigation conducted thereafter concluded that the explosion was the result of a gas leak in the service line, which allowed gas to accumulate in the basement of the home. When the furnace switched on, the gas exploded. The great grandfather later stated that he had smelled gas the night before, but could not locate the source. When the smell seemed to go away, he stopped looking and did not report the smell to defendant New York State Electric & Gas Corporation (hereinafter NYSEG). Also, in the early morning hours of the day of the explosion, a resident who lived approximately three blocks away had reported an odor of gas to NYSEG. NYSEG responded to that home, located the problem and tagged it for repair. After the explosion, the gas service line was excavated, and it was discovered that there were multiple areas where the line was wrapped in what resembled "electrical tape" and "field wrap." A fracture — covered with tape — was found approximately 35 feet from the home. Additionally, the line had "sags" where the gas line crossed the municipal water and sewer lines. The water lines were installed by defendant Town of Horseheads and are maintained by defendant Village of Horseheads. Defendant County of Chemung installed and maintains the sewer lines.
Plaintiff, both individually and as administrator of the child's estate, commenced this action against NYSEG, the County, the Town and the Village. In July 2018, all defendants moved for summary judgment dismissing the complaint. Plaintiff cross-moved for summary judgment on the issue of liability. By order entered in August 2018, Supreme Court partially granted NYSEG's motion by dismissing all claims that were not based on negligence, as well as plaintiff's claim for punitive damages. Supreme Court also granted the County's and the Town's motions in their entirety. Further, Supreme Court denied plaintiff's cross motion, as well as the Village's motion.
Shortly thereafter, NYSEG, the Village and plaintiff each submitted motions in limine seeking to preclude certain evidence and testimony at trial. By order entered in November 2018, Supreme Court granted NYSEG's motion to preclude certain testimony by plaintiff's expert, Ronald Reiber. Additionally, the court granted that part of plaintiff's motion seeking to preclude the County and the Town from appearing on the verdict sheet, but denied that part of plaintiff's motion seeking to preclude evidence of the potential responsibility of the County and the Town. Further, Supreme Court partially granted plaintiff's request to preclude the admission of any evidence of the great grandfather's contributory negligence as a means of reducing plaintiff's damages, but allowed it in as a defense to plaintiff's res ipsa loquiter claim. Plaintiff appeals both the August 2018 and November 2018 orders.
Initially, NYSEG has moved to strike various statements in plaintiff's brief for being outside the scope of the record and to strike portions of plaintiff's reply brief for raising issues for the first time on appeal. It is well settled that this Court is limited to reviewing "facts contained in the record and any arguments based thereon" and we will therefore not consider arguments "founded upon information outside the record" (Bullock v Miller, 145 AD3d 1215, 1216 [2016] [internal quotation marks and citation omitted]; see Gagen v Kipany Prods., 289 AD2d 844, 845 [2001]). Additionally, this Court may not review an issue raised for the first time in a reply brief (see Matter of Fuller-Astarita v ABA Transp. Holding Co., 176 AD3d 1530, 1531 [2019]; Matter of Jay's Distribs., Inc. v Boone, 148 AD3d 1237, 1241 [2017], lv denied 29 NY3d 918 [2017]). NYSEG seeks to strike references in plaintiff's brief to the maintenance of its corrosion prevention and cathodic protection system, as well as those referencing a gas leak and explosion that occurred in the Town of Horseheads in 2005. However, the record is replete with these factual statements in an engineer's affidavit, the Public Service Commission report and deposition transcripts. Further, to the extent that plaintiff argues that the 2005 gas leak and explosion put NYSEG on notice of systemic issues with its gas service line, this is a permissible legal argument rather than an impermissible factual assertion. As to plaintiff's reply brief, assertions therein that NYSEG had constructive notice of the potentially hazardous condition of the service pipe, as well as its response to the 2005 gas leak and explosion, are permissible responses to assertions raised in NYSEG's brief that it was not put on notice of the possible hazardous condition and "it did not have a duty to dig up pipes following one explosion." As such, NYSEG's motion is denied.
Turning to the August 2018 order, we are unpersuaded that Supreme Court erred in dismissing plaintiff's claim for punitive damages. "Punitive damages are recoverable in a negligence action only where the conduct in question evidences a high degree of moral culpability, or the conduct is so flagrant as to transcend mere carelessness and constitutes willful or wanton negligence or recklessness" (Kraycar v Monahan, 49 AD3d 507, 508 [2008] [internal quotation marks and citations omitted]). Supreme Court found that NYSEG's actions were not so egregious as to evince a high degree of moral turpitude to support such a claim.
"On a motion for summary judgment, the movant has the initial burden to establish its prima facie entitlement to summary judgment as a matter of law by submitting evidentiary proof in admissible form, demonstrating the absence of any material issues of fact" (Matter of Martirano, 172 AD3d 1610, 1612 [2019] [citation omitted]). If the movant makes such a showing, thereby satisfying this burden, the burden then shifts to the nonmovant to demonstrate that a triable issue of fact exists (see id.; Aretakis v Cole's Collision, 165 AD3d 1458, 1459 [2018]). "[This Court] must view the evidence in the light most favorable to the nonmoving party and accord such party the benefit of every reasonable inference that can be drawn therefrom" (Aretakis v Cole's Collision, 165 AD3d at 1459). The Public Service Commission did not cite NYSEG for violating any gas safety laws after either explosion. In addition, NYSEG promptly responded to a complaint of an odor of gas in the early morning hours of the 2011 explosion and NYSEG took various actions after the 2005 explosion, including excavating similarly situated residences and implementing/enhancing safety programs (see Cleveland v Perry, 175 AD3d 1017, 1020 [2019]; Dawson v YMCA of Long Is., Inc., 120 AD3d 748, 749 [2014]; Trudeau v Cooke, 2 AD3d 1133, 1134 [2003]). We agree with Supreme Court that the record is devoid of any evidence that NYSEG acted wantonly or so recklessly as to constitute a conscious disregard of decedent's rights and, as such, this claim was properly dismissed.
Plaintiff next contends that Supreme Court erred in dismissing his claims against the County and the Town based on the statute of limitations. Specifically, the court dismissed all claims for negligent design and installation against the County as untimely and all claims against the Town as untimely. As relevant here, a plaintiff in a personal injury action against a county or a town must commence the action "within [1] year and [90] days after the happening of the event upon which the claim is based; except that wrongful death actions shall be commenced within two years after the happening of the death" (General Municipal Law § 50-i [1] [emphasis added]; see EPTL 5-4.1 [1]). Despite the statute providing for a two-year limitations period commencing at the date of death, Supreme Court applied the shorter period and dismissed plaintiff's stated claims against both the County and the Town. Although plaintiff did not reference the two-year statute of limitations period for wrongful death in his opposition to the motions, it is clear that the complaint alleges an action for wrongful death. The gravamen of plaintiff's complaint seeks relief for wrongful death based upon the negligent actions of, among others, the County and the Town. Specifically, the notice of claim states that this is an action for wrongful death, plaintiff alleges in the complaint that, "[a]s a result of [the child's] death, his surviving natural parents suffered the wrongful death of their son." Further, both the County and the Town, in their affirmations in support of their motions for summary judgment, acknowledge that the action is for wrongful death. It is disingenuous for them to now assert that a wrongful death action was never pleaded, proven or argued.
Initially, we find unpersuasive the Town's argument that the wrongful death action must be filed within the limitations period for any underlying claim, here, negligence. A wrongful death action is authorized by EPTL 5-4.1 (1), with the claim belonging to a decedent's distributees, not the decedent's estate. The damages are based on the impact that the wrongful act had upon those distributes — i.e., the pecuniary loss suffered by the distributees — as a result of the decedent's death. As such, the statute of limitations is two years from the date of the decedent's death. On the other hand, a personal injury claim is brought under EPTL 11-3.2 (b) and seeks damages for the injury to the decedent and belongs to the estate. Such a claim is an extension of the decedent's personal claim and must be timely commenced in order to be assumed by the estate (see Cragg v Allstate Indem. Corp., 17 NY3d 118, 121 [2011]; Heslin v County of Greene, 14 NY3d 67, 76-77 [2010]). Plaintiff's action is not alleging separate claims for personal injury and wrongful death; it is just an action for wrongful death (see EPTL 5-4.1 [1]). As it was commenced within two years from the child's death, Supreme Court erred in dismissing the negligent design and installation claims against the County and all claims against the Town as untimely.
As to the negligent maintenance claim against the County, Supreme Court dismissed said claim finding that, although plaintiff's experts testified as to the poor maintenance of the sewer lines, none stated that the poor maintenance was a proximate cause of the subject explosion. As such, the court found that plaintiff failed to raise a triable issue of fact. The County "had a duty to exercise reasonable care in maintaining and repairing its [sewer lines] so as to avoid injury to abutting property owners and the public generally" (Guidarelli v City of Schenectady, 167 AD3d 1402, 1405 [2018] [internal quotation marks and citation omitted]). "[T]he issue of proximate cause is ordinarily a question of fact for a jury to resolve" (Palmatier v Mr. Heater Corp., 163 AD3d 1228, 1231 [2018] [internal quotation marks, brackets and citations omitted]; see Hull v Pike Co., 174 AD3d 1092, 1094 [2019]). "It is only when one conclusion may be drawn from the established facts that the question of legal cause may be decided as a matter of law" (Pineiro v Rush, 163 AD3d 1097, 1098 [2018] [internal quotation marks, brackets and citations omitted]). Moreover, there can be more than one proximate cause (see Perkins v County of Tompkins, 179 AD3d 1334, 1336 [2020]; Giannelis v BorgWarner Morse TEC Inc., 167 AD3d 1185, 1187 [2018]).
In support of its motion, the County submitted the deposition testimony of several employees. Dennis Kelly, the County's sewer maintenance and inspection crew leader, testified that the County had no written policies with respect to excavating, and that his training in this area had come from observing other contractors hired by the County. Galen Salisbury, an engineer with the County sewer district at the time of the gas leak and explosion, testified that there was no routine to inspect the sewer system from the inside out; rather, the system was monitored "retroactively" when problems or issues with backups of the system were found. The County also proffered a study by Stearns & Wheeler, LLC in November 2005, which recommended that the County "[p]erform further investigations," "[i]nitiate a sanitary sewer rehabilitation construction program" and "[p]rovide pipeline inspection and assessment training for sewer mainline personnel." In opposition to the County's motion, plaintiff submitted expert affidavits from various engineers. Notably, Hans Nichols, an engineer specializing in metallurgy and materials science, opined that "the corrosive underground environment . . . was made worse by the numerous documented leaks from the other utility pipes that were buried below the natural gas pipes." Charles Dutill, a licensed professional engineer, averred that "it is evident that the municipalities . . . failed in their duties to perform proper routine and/or appropriate maintenance on the water and sewer lines servicing Joseph Street . . . [which] contributed to the residential gas explosion."
"To determine whether there are factual issues, we view the evidence in a light most favorable to the nonmoving party and give that party the benefit of every favorable inference. In this wrongful death action, 'admittedly slight and clearly circumstantial' evidence may be sufficient to raise a triable issue of fact" (McKenna v Reale, 137 AD3d 1533, 1534 [2016] [internal quotation marks and citations omitted]). We find that plaintiff demonstrated an issue of fact as to whether the County's alleged negligence in maintaining the sewer system was a proximate cause of the child's death and, as such, Supreme Court erred in dismissing the negligent maintenance claims against the County.
We now turn to plaintiff's appeal from Supreme Court's November 2018 order, which decided the motions in limine submitted by the parties. "An order ruling on a motion in limine is generally not appealable as of right or by permission since an order made in advance of trial which merely determined the admissibility of evidence is an unappealable advisory ruling. However, an order that limits the scope of issues to be tried, affecting the merits of the controversy or the substantial rights of a party, is appealable" (Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 139 AD3d 1192, 1193-1194 [2016] [internal quotation marks, ellipsis and citations omitted]; see C.H. v Dolkart, 174 AD3d 1098, 1099 [2019]; Lynch v Carlozzi, 121 AD3d 1308, 1309 [2014]). As to plaintiff's objection to that part of the order as allowed evidence of the great grandfather's negligence as a defense to the claim of res ipsa loquiter does not limit the scope of issues or impact a substantial right, such issue is not appealable (see C.H. v Dolkart, 174 AD3d at 1099; Lynch v Carlozzi, 121 AD3d at 1309; Bozzetti v Pohlmann, 94 AD3d 1201, 1201 [2012]). Plaintiff also contends that Supreme Court erred in partially granting NYSEG's motion to preclude the testimony of Reiber, plaintiff's economist. Finding that the expert disclosure lacked reasonable detail as to how the value that Reiber assigned to plaintiff's lost services and support would be calculated, Supreme Court precluded his testimony with regard to said damages.[FN1] However, because this ruling restricted plaintiff's ability to prove and recover damages, this issue is appealable (see Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 139 AD3d at 1194).
Pursuant to CPLR 3101, "each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion" (CPLR 3101 [d] [1]; see Colucci v Stuyvesant Plaza, Inc., 157 AD3d 1095, 1098 [2018], lv denied 31 NY3d 906 [2018]). "[P]reclusion may be appropriate if there is prejudice and a willful failure to disclose" (Schmitt v Oneonta City Sch. Dist., 151 AD3d 1254, 1255 [2017] [internal quotation marks and citation omitted]). "Supreme Court is vested with broad discretion in addressing expert disclosure issues," and this Court will not disturb the court's determination absent an abuse of discretion (Mary Imogene Bassett Hosp. v. Cannon Design, Inc., 97 AD3d 1030, 1031 [2012] [internal quotation marks and citation omitted]). In his expert disclosure, plaintiff stated that "Reiber may also discuss the projected loss of services to [the child's] parents . . . [and] describe how a child can be expected to perform household and yardwork chores for the parents and how this may increase as the parents age[,] . . . as well as the economic loss [the parents] suffered due to the premature death of [the child]." Reiber's testimony was to be based, in part, on "the facts revealed in the testimony of all witnesses and the facts revealed both at trial and the deposition of all witnesses" and "upon the testimony of the experts or other witnesses at the trial."
Supreme Court has considerable discretion to preclude expert testimony where prejudice is shown or the failure to disclose was intentional (see Schmitt v Oneonta City Sch. Dist., 151 AD3d at 1255). Despite the expert witness disclosure deficiencies, the record is devoid of any prejudice suffered by NYSEG or that plaintiff intentionally withheld the information. Furthermore, the trial of this matter was not imminent.[FN2] Although we agree that said disclosure falls short of the mandates of CPLR 3101 (d) (1), and we reject plaintiff's contention that said disclosure revealed that Reiber was to testify on the impact of inflation on the value of lost services, preclusion of a witness's testimony is a drastic measure that should generally be resorted to only when it can be shown that the offending party's failure to disclose was "willful, deliberate, and contumacious" (D.A. Bennett LLC v Cartz, 113 AD3d 945, 946 [2014] [internal quotation marks and citations omitted]). As we see no evidence of this, and can discern no prejudice to NYSEG, we find that Supreme Court abused its discretion in precluding this testimony. A more appropriate remedy would have been to allow plaintiff to provide additional information as to the basis and grounds for Reiber's calculation, within a specified time. At such time, the matter could then be reexamined by Supreme Court.
Finally, plaintiff's argument with regard to not including the County and the Town on the verdict sheet, but allowing evidence of each party's alleged negligence, has been rendered academic in light of this decision.
Garry, P.J., Egan Jr., Lynch and Mulvey, JJ., concur.
ORDERED that the motion is denied, without costs.
ORDERED that the order entered August 29, 2018 is modified, on the law, without costs, by reversing so much thereof as granted the motions of defendant Town of Horseheads and defendant County of Chemung for summary judgment; said motions denied; and, as so modified, affirmed.
ORDERED that the order entered November 14, 2018 is modified, on the law, without costs, by reversing so much thereof as partially granted the motion of defendant New York State Electric & Gas Corporation to preclude certain testimony; said motion denied in its entirety; and, as so modified, affirmed.



Footnotes

Footnote 1: Supreme Court denied, without prejudice, that part of NYSEG's motion seeking to preclude Reiber's testimony with respect to the child's potential lost earnings.

Footnote 2: In its November 2018 order, Supreme Court noted that the trial was adjourned indefinitely pending the appeal of its August 2018 order.