Durr v Capital Dist. Transp. Auth. (2021 NY Slip Op 05910)





Durr v Capital Dist. Transp. Auth.


2021 NY Slip Op 05910


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

531958
[*1]Austin R. Durr, Respondent,
v
Capital District Transportation Authority et al., Appellants.

Calendar Date:September 15, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Monaco Cooper Lamme & Carr, PLLC, Albany (Mackenzie E. Kesterke of counsel), for appellants.
Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany (Courtney L. Alpert of counsel), for respondent.



Lynch, J.
Appeal from an order of the Supreme Court (M. Walsh, J.), entered July 7, 2020 in Albany County, which, among other things, partially denied defendants' cross motion for summary judgment dismissing the complaint.
On January 7, 2014, plaintiff was struck by a bus operated by defendant Capital District Transportation Authority (hereinafter CDTA) while crossing a pedestrian crosswalk in the City of Albany. After serving a notice of claim, plaintiff commenced this action seeking to recover for his injuries. There is no dispute that plaintiff, who sustained a left orbital fracture and left maxillary fracture, sustained a serious injury as defined in Insurance Law § 5102 (d). The dispute here centers on liability. Defendants jointly answered and raised various affirmative defenses, including that the driver of the subject bus — defendant Richard L. Cohen — could not be held liable because plaintiff had unexpectedly darted out in front of the bus, creating an unforeseeable emergency.
Following discovery, plaintiff moved for partial summary judgment on liability, arguing that defendants were liable as a matter of law because he was struck while crossing a traffic-controlled intersection when the signal changed from yellow to red. Defendants opposed the motion and cross-moved for summary judgment dismissing the complaint, arguing that the evidence established that the signal was yellow and, therefore, in Cohen's favor. Defendants also asserted that plaintiff was the sole proximate cause of his injuries, emphasizing that he had been issued a traffic ticket for proceeding into the path of a vehicle in violation of Vehicle and Traffic Law § 1151 (b) and ultimately pleaded guilty to the reduced charge of violating Vehicle and Traffic Law § 1201 (a).
As relevant here, Supreme Court denied the parties' respective motions as to liability, finding that questions of fact existed as to whether both plaintiff and Cohen used reasonable care in entering the intersection. The court did dismiss the claims against CDTA sounding in negligent hiring, training and supervision. Defendants appeal.
Defendants argue that Supreme Court erred in partially denying their cross motion for summary judgment, contending that plaintiff's negligence in attempting to cross the street was the sole proximate cause of the accident. We disagree. "On a motion for summary judgment, the movant has the initial burden to establish its prima facie entitlement to summary judgment as a matter of law by submitting evidentiary proof in admissible form, demonstrating the absence of any material issues of fact" (Reed v New York State Elec. & Gas Corp., 183 AD3d 1207, 1209 [2020] [internal quotation marks, brackets and citations omitted]; see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). If that burden is satisfied, it then shifts to the nonmovant to demonstrate such a triable issue of fact (see Reed v New York State Elec. & Gas Corp., 183 AD3d at 1210; Aretakis v Cole's Collision[*2], 165 AD3d 1458, 1459 [2018]).
The record includes videos and photographic evidence of the accident, as well as transcripts from the General Municipal Law § 50-h hearing, plaintiff's examination before trial (hereinafter EBT) and Cohen's EBT. Prior to the incident, plaintiff had been a passenger on CDTA bus 4007, which was traveling southeast on Washington Avenue. When bus 4007 stopped at the intersection of Washington Avenue and Hawk Street, adjacent to the State Capitol, plaintiff deboarded from the front exit and proceeded to walk across Washington Avenue in a designated crosswalk. After passing in front of bus 4007, plaintiff was struck by CDTA bus 4108, which was driven by Cohen and was also traveling southeast on Washington Avenue. During his testimony, plaintiff conceded that, upon deboarding bus 4007, he looked to his right but "couldn't look to [his] left" because bus 4007 was obstructing his view, explaining that he was "waiting until [he] got a little bit past the bus" to do so.
Cohen's EBT testimony differs with respect to the circumstances precipitating the incident. He testified that the traffic light was green when he entered the intersection and did not recall it ever changing to yellow, asserting that he "would have been under the light not knowing that [it] had changed" by that time. He further testified that he was driving "way under" the 30 miles-per-hour speed limit and was neither decelerating nor accelerating at the time of the accident. He saw claimant only a split second before impact and attempted to swerve left to avoid a collision. Plaintiff additionally proffered the EBT testimony of Bobby Hicks, the driver of bus 4007. Hicks testified that, after plaintiff deboarded bus 4007, he "was in a hurry to get across the street." Hicks then looked in the mirror and saw bus 4108 coming alongside him, prompting him to try "honking [his] horn to let [plaintiff] know [not to] go because . . . the light was green."
The video footage refutes both Cohen's and Hicks' EBT testimonies that the light was green when bus 4108 entered the intersection. The footage from bus 4007 shows that it came to a stop in front of the crosswalk at the subject intersection while the traffic light was still green. Claimant deboarded the bus and began jogging across the crosswalk. The traffic light was yellow by that time. As plaintiff stepped past bus 4007, he was struck by bus 4108. The footage shows that the traffic light turned red immediately prior to or at the moment of impact. As to Cohen's view in the moments before the accident, the video footage from bus 4108 shows that, as it was approaching the subject intersection, bus 4007 was stopped in the right-hand lane obstructing the view of any pedestrians who might be located on the curb or beginning to cross the street. The light turned yellow well before bus 4108 reached the crosswalk but, instead of slowing down, Cohen — by his own admission — maintained a consistent speed.
In opposition to plaintiff's motion and in support of their cross motion, defendants submitted the police report from the incident, along with a simplified traffic information charging plaintiff with violating Vehicle and Traffic Law § 1151 (b) for proceeding into the path of a moving vehicle. Defendants also submitted a certificate of conviction demonstrating that plaintiff ultimately pleaded guilty to the reduced charge of violating Vehicle and Traffic Law § 1201 (a).
On this record, Supreme Court properly denied the parties' respective motions for summary judgment. Contrary to defendants' contention, the fact that plaintiff was charged in a simplified traffic information with violating Vehicle and Traffic Law § 1151 (b) — which prohibits pedestrians from "suddenly leav[ing] a curb or other place of safety and walk[ing] or run[ning] into the path of a vehicle which is so close that it is impractical for the driver to yield" — does not demonstrate a per se violation of that statute. Indeed, this statute "applies only where there is no controlling traffic signal at the intersection" (Rudolf v Kahn, 4 AD3d 408, 409 [2004]; see Vehicle and Traffic Law §§ 1111, 1150, 1151 [a]; Bush v Kovacevic, 140 AD3d 1651, 1653 [2016]), and plaintiff ultimately pleaded guilty to a lesser offense under Vehicle and Traffic Law § 1201 (a). Although the plea to the reduced charge may be "some evidence of negligence" (Feeley v St. Lawrence Univ., 13 AD3d 782, 783 [2004]), we note that "more than one proximate cause" of an accident may exist (Giannelis v BorgWarner Morse TEC Inc., 167 AD3d 1185, 1187 [2018] [internal quotation marks and citations omitted]; Pasternak v County of Chenango, 156 AD3d 1007, 1009 [2017]), and the proof submitted by defendants does not establish an absence of negligence on Cohen's part as a matter of law.
Equally unavailing is defendants' contention that the emergency doctrine absolves Cohen of liability. Under that doctrine, "a driver who confronts a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration may be relieved of liability if the actions taken in response are reasonable and prudent in the emergency context" (Collins v Suraci, 110 AD3d 1214, 1215-1216 [2013] [internal quotation marks and citations omitted]; see Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]). Such a situation may occur when a plaintiff "suddenly dart[s] out directly into the path of the defendant's vehicle, leaving the defendant unable to avoid contact" (Cresser v CDTS, 1, 127 AD3d 1464, 1465 [2015] [internal quotation marks, ellipsis and citations omitted]; see Wallace v Barody, 124 AD3d 1172, 1172 [2015]; Green v Hosley, 117 AD3d 1437, 1437-1438 [2014]). However, as Supreme Court noted, "merely encountering an emergency does not completely absolve one from liability; it simply requires that one's conduct be measured against that of a reasonable person confronted with similar circumstances [*3]in a similar time frame within which to react" (Schlanger v Doe, 53 AD3d 827, 828 [2008] [internal quotation marks and citations omitted]). Although Cohen maintained that he saw plaintiff for only a split second before making contact, there is a material question of fact as to whether Cohen retains any responsibility for the accident. A driver has a statutory duty to operate his or her vehicle with "due care to avoid colliding with any . . . pedestrian" (Vehicle and Traffic Law § 1146 [a]; see PJI 2:77, 2:77.1, 2:79). While a vehicle "facing a steady circular yellow signal may enter [an] intersection," the driver is "thereby warned that the related green movement is being terminated or that a red indication will be exhibited immediately thereafter" (Vehicle and Traffic Law § 1111 [b] [1]). Here, a question of fact exists as to whether Cohen used reasonable care in proceeding through the intersection in the face of a yellow traffic signal without slowing down, particularly because another CDTA bus was positioned in the right-hand lane obstructing his view and the video shows that the light was turning red at the point of impact. By the same token, that same video raises a genuine question of fact as to whether plaintiff was negligent in proceeding across the road.
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.