Kennedy v Nimons (2022 NY Slip Op 03042)

Kennedy v Nimons

2022 NY Slip Op 03042

Decided on May 5, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 5, 2022

534025
[*1]Robert E. Kennedy, Appellant,
v
John M. Nimons et al., Respondents.

Calendar Date:March 24, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Law Office of David Tennant PLLC, Rochester (David H. Tennant of counsel), for appellant.
Douglas J. Rose, Latham, for respondents.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Zwack, J.), entered October 7, 2021 in Rensselaer County, which granted defendants' motion in limine.
This matter comes before us for a third time, and a brief recitation of the facts is warranted (178 AD3d 1302 [2019]; 121 AD3d 1229 [2014]). Plaintiff commenced this action seeking confirmation of the western boundary line of his property, which abuts defendants' property. Following a trial wherein the jury was charged with determining whether, by either deed description or under the doctrine of practical location, the western boundary was incorrectly located, the jury returned a verdict in favor of defendants. On appeal, we found that while the jury's determination with respect to practical location was not against the weight of the evidence, Supreme Court had committed reversible error as to the jury charge for deed by description. We further denied plaintiff's request to conform the pleadings to the proof so as to allow an adverse possession claim. We then remitted the matter for further proceedings not inconsistent with this Court's decision (178 AD3d at 1305). Thereafter, defendants submitted a motion in limine seeking to prohibit plaintiff from introducing his claims of adverse possession and practical location on retrial. Supreme Court granted the requested relief, precluding such evidence. Plaintiff appeals.[FN1]
Plaintiff contends that Supreme Court erred in granting defendants' motion in limine to restrict proof at the second trial concerning his claim for adverse possession. In general, a ruling on a motion in limine is not appealable as of right or by permission since an order made in advance of trial, that merely determines the admissibility of evidence, is essentially an unappealable advisory ruling (see Lynch v Carlozzi, 121 AD3d 1308, 1309 [2014]). However, an order that limits the scope of issues to be tried is appealable (see Hauser v Fort Hudson Nursing Ctr., Inc., 202 AD3d 45, 48 n 1 [2021]; Reed v New York State Elec. & Gas Corp., 183 AD3d 1207, 1212-1213 [2020]; Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 139 AD3d 1192, 1193-1194 [2016]). As Supreme Court's October 2021 order limits the issues to be tried, it is appealable.
As a rule, when a retrial is ordered the parties are left in the same position as though there had been no trial, unless the appellate court, in its decision and order, directs that a new trial be limited in its scope (see Sherry v North Colonie Cent. School Dist., 39 AD3d 986, 991 [2007]; Enden v Nationwide Mut. Ins. Co., 251 AD2d 283, 283 [1998]). Here, our prior decision, in declining plaintiff's request to conform the pleadings to the proof to accommodate a claim of adverse possession, did just that, finding that the jury was not charged with deciding a claim for adverse possession, and that plaintiff had the opportunity to advance this claim at trial and chose not to do so. In so doing, we determined that the sole claim to be heard on retrial [*2]related to the location of the boundary by deed description (cf. O'Buckley v County of Chemung, 163 AD3d 1129, 1130 [2018]; Ciarelli v Lynch, 22 AD3d 987, 990 [2005]). Accordingly, we find no error in Supreme Court granting defendants' motion in limine to restrict proof at the second trial concerning adverse possession. Plaintiff's remaining contentions are either rendered academic by our decision or otherwise lack merit.
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: On appeal, plaintiff concedes that his claim under practical location is precluded by the previous order, despite the "typical language" utilized by this Court in remitting the case back to Supreme Court.